**Phillip T. EICHELBERGER, Jr., M.D. and Louis B. Hughes, M.D., Appellants,**

v.

**Jules BALETTE, M.D., et al., Appellees.**

**No. C14-91-00879-CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 5, 1992.

Rehearing Denied Dec. 3, 1992.

Reba A. Eichelberger, Houston, for appellants.

Norman Riedmueller, Houston, for appellees.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

Appellants appeal from the trial court's dismissal of their second amended petition for bill of review. Appellants bring five points of error. We affirm the trial court's dismissal.

Appellants' original petition for bill of review was filed in November, 1990. Appellants alleged that the final judgment entered in Cause No. 79–26873 on December 8, 1986 should be set aside on grounds that appellants did not have full notice of and participation in the proceedings leading to the judgment. Appellees filed ten special exceptions to the pleadings in the original petition for bill of review. These exceptions were sustained by the trial court and appellants were ordered to replead by March 11, 1991 to cure the defects in the original petition for bill of review as set forth in the special exceptions. Appellants filed their first amended petition for bill of review on March 11, 1991. On March 28, 1991 appellees filed a motion to dismiss the first amended petition for bill of review. One of the grounds for said motion was that appellants had failed in their first amended petition for bill of review to cure the pleading defects in the original petition. The motion to dismiss was heard on May 31, 1991. On that same day appellants filed their second amended petition for bill of review. At the conclusion of the hearing on the motion to dismiss the trial court sustained the motion and dismissed the case.

The issue of whether appellants participated in the trial of the case that resulted in post-answer default judgment against the appellants has already been decided against appellants twice in previous rulings by the First Court of Appeals of Houston. *P.T. Eichelberger, Jr., et al. v. Hon. Marsha Anthony, Judge, 334th Dist. Court of Harris County,* 731 S.W.2d 719 (Tex.

App.—Houston [1st Dist.] 1987); *P.T. Eichelberger, Jr. et al v. Houston Northshore Properties, et al,* decided by the Houston Court of Appeals in an unpublished opinion in 1988 in Cause No. 01–87–00468, 1988 WL 36045.

Each time this issue was litigated in the Houston Court of Appeals for the First District the court held that appellants were well aware of the trial setting and failed to appear. The opinions have noted that the lengthy record demonstrates that appellants were constantly trying to manipulate the court for the single purpose of seeking a more favorable forum.

■ Appellants argue in their first point of error that the trial court erred in failing to file findings of fact and conclusions of law as requested. Appellants rely on TEX. R.CIV.P. 296 as authority for this point of error. This rule is applicable to cases "tried in the district court without a jury." This case was not tried. It was dismissed without a trial. The trial court was not required to file findings of fact and conclusions of law in this case. *Statler Hotels v. Herbert Rosenthal Jewelry Corp.,* 351 S.W.2d 579, 582 (Tex.Civ.App.—Dallas 1961, writ ref'd n.r.e.); *see also Johnson v. J.W. Construction Co.,* 717 S.W.2d 464, 467 (Tex.App.—Fort Worth 1986, no writ); *Humble Exploration Co. v. Fairway Land Co.,* 641 S.W.2d 934, 937 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). Appellants' first point of error is overruled.

■ Appellants argue in the second point of error that the trial court erred in granting appellees' motion to dismiss because it deprived appellants of their right to present evidence. Appellants argue in their third point of error that the trial court erred in granting appellees' motion to dismiss because a motion to dismiss is not a proper procedural method for the summary dismissal of appellants' cause of action. Appellants group the second and third points of error together in the brief and present no argument on the second point of error. Appellants concede that the grounds for the trial court's dismissal were two-fold: 1) the failure of appellants to amend their petition to cure the defects as set forth in the special exceptions; and 2) appellants' failure to have two parties served. Neither of these grounds create situations in which the presentation of evidence would have been appropriate. Appellants' second point of error is overruled.

■ Appellants' third point of error contends that the dismissal of the cause of action for appellants' failure to cure the defects in their petitions was improper. They argue that a motion for summary judgment is the proper pleading to be filed on appellants' failure to properly amend their petition for bill of review. The law in this area is well established. The petitioner has two options when special exceptions to a petition are sustained: either amend the pleading to meet the exception or refuse to amend. *Davis v. Quality Pest Control,* 641 S.W.2d 324, 328 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *Hubler v. City of Corpus Christi,* 564 S.W.2d 816, 823 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). If a party either refuses to amend or amends but does not cure defects in the pleading, an order dismissing the case is proper and the party then must test the trial court's ruling on appeal. *Id.* Dismissal of the action was the proper procedural method for the trial court to employ in disposing of this case.

Appellants make other arguments under their third point of error. It is not necessary to discuss those arguments in view of our decision that the trial court properly dismissed the case for failure to file amended pleadings to cure defects in their pleadings.

In a fourth point of error appellants argue that the trial court erred in dismissing appellants' case with prejudice because a dismissal for want of prosecution is not an adjudication on the merits. This case was not dismissed for want of prosecution. It was dismissed on failure of appellants to cure defects in their pleadings by amended pleadings. Appellants' fourth point of error is overruled.

In their fifth point of error appellants contend the trial court erred in dismissing the amended petition for bill of review be-

cause "plaintiffs fully satisfied the U.S. and Supreme Court requirements for a bill of review."

It is impossible to determine the gist of appellants' fifth point of error. The argument under that point touches upon (a) lack of findings and conclusions; (b) the absence of two defendants; (c) service of process upon a partnership; (d) timeliness of filing an amended pleading; and (e) rule-making authority of the Texas Supreme Court.

None of these matters is pertinent to this appeal, except possibly the untimeliness point. As pointed out hereinabove the appellants' first amended petition for bill of review was filed on March 11, 1991. This filing was timely. The second amended petition for bill of review was not filed until May 31, 1991 the day of the hearing on the motion to dismiss. The second amended petition for bill of review was not timely filed, contrary to appellants' contentions. However, there is no indication in the record that the trial court did not consider the second amended petition at the time the motion to dismiss was heard, which was the same day the second amended petition for bill of review was filed.

We should note that appellants have brought no point of error claiming that the pleadings in either the first or second amended petitions for bill of review cured the defects in the pleadings. At no point in their brief do appellants even identify the special exceptions that had been sustained. The fifth point of error is overruled.

Appellees have requested this court in accord with TEX.R.APP.P. 84 to award each appellee an amount not to exceed ten times the total taxable costs as damages against each appellant.

We find that appellants have taken an appeal in this cause for delay and without sufficient cause, and the court hereby awards to each appellee $250 against each appellant as damages.

The judgment of the court below is affirmed. Additionally appellees are award-ed damages against appellants in accordance with this opinion.