Kessling v. Meno 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00296-CV







Nancy Kessling, Appellant



v.



Lionel Meno, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 94-11946, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING








 Nancy Kessling, appellant, brought an action against appellee Lionel Meno, in his
official capacity as Commissioner of Education, ("Commissioner") essentially for a declaration
that he failed to fulfill his statutory duties under the Foundation School Program. See Act of June
1, 1975, 64th Leg., R.S., ch. 334, § 1, 1975 Tex. Gen. Laws 877 (Tex. Educ. Code Ann.
§§ 16.001-.304, since repealed and recodified at Tex. Educ. Code Ann. §§ 42.001-.411 (West
Pamph. 1996)). (1) The trial court dismissed the suit for want of jurisdiction. We will affirm the
trial-court judgment.

FACTUAL AND PROCEDURAL BACKGROUND


 The following factual and procedural background is gleaned from the allegations
in Kessling's pleadings and attached exhibits. In 1991, Kessling, a local taxpayer, became
convinced that the board of trustees of the Friendswood Independent School District ("FISD") was
not appropriately managing the district's money. After reviewing FISD's 1992-1993 Annual
Compliance Report, she decided that FISD was not properly reporting to the Commissioner the
interest income from $12.55 million in bonds in compliance with the accounting guidelines of
Texas Education Agency bulletin 679. Concerned that the district's lack of "internal controls over
financial activities" was impairing the integrity of the Foundation School Program's database and
thus ultimately the information used by the legislature to determine how to distribute the
program's funding to participating school districts, Kessling began a personal campaign to remedy
the perceived abuses.

 Not satisfied with FISD's response to her complaints, on November 23, 1993
Kessling sent a letter to the Commissioner complaining that "school district auditors" were
auditing FISD's books in an "unprofessional manner" and that the TEA had not taken "effective
action" to protect the public from the FISD board's "incompetence." Kessling closed by asking
simply for "a written response to this complaint within 60 days." On December 10, 1993,
Kessling sent a letter to Dr. Carolyn Crawford, chair of the State Board of Education, informing
her of the letter sent to the Commissioner and that Kessling planned to make her "final appeal"
to the FISD board on December 14, 1993 before she would "bring [her] complaints to Austin." 
The letter concluded by asking Dr. Crawford to consider the letter "to be a formal request for the
State Board of Education to review the matters set forth" in the letter to the Commissioner and
further stated:


Should Commissioner Meno uphold the findings of the auditors, or refuse to
review the auditor's working papers as required in Procedure AUD-602 of the
TEA's Financial Accounting Manual (Bulletin 679), I will resubmit this complaint
to you at the end of January 1994 as required by Section 16(e) of the
[Administrative Procedure] Act as a "motion for rehearing."


In January 1994, an official from the Texas Education Agency sent Kessling a letter notifying her
that an investigator had been assigned to investigate her complaints.

 Beyond a series of correspondence in the summer of 1994 concerning an "open
records request" made by Kessling, the record does not reflect that Kessling ever had any further
contact with the Commissioner or Dr. Crawford's office on the matters addressed in the foregoing
letters. Consequently, the record does not reflect that Kessling ever asked for or was granted or
denied an administrative hearing before the Commissioner, nor does it reflect that the
Commissioner ever took any action or rendered any decision, final or otherwise, in the matter.

 In September 1994, Kessling, acting pro se, filed a "petition for declaratory
judgment" naming the Commissioner as the sole defendant. The bulk of the petition complained
of actions of the FISD board of trustees. With respect to the Commissioner, the petition
complained of his "failure . . . to fulfill his statutory duties in the matter of overseeing[,]
recording[,] keeping[,] and reporting of financial activity resulting from $12.55 million in bond
funds received by Plaintiff's school district in May 1992." Kessling maintained that FISD was
not properly reporting financial activity in accordance with the accounting standards set forth in
Texas Education Agency's bulletin 679. Therefore, Kessling contended that by accepting FISD's
flawed Annual Compliance Report, the Commissioner was not fulfilling his statutory duty to "take
such action and require such reports consistent with the terms of this chapter as may be necessary
to implement and administer the Foundation School Program."

 The Commissioner filed a plea to the jurisdiction, plea in abatement, special
exceptions, and affirmative defenses in which he asserted, inter alia, that the petition did not state
a justiciable controversy under the Declaratory Judgments Act and that Kessling lacked standing. 
Following an evidentiary hearing of unknown scope and purpose, the trial court granted the
Commissioner's plea to the jurisdiction with respect to any administrative appeal Kessling was
seeking, granted the Commissioner's special exceptions, and abated the claim to allow Kessling
to amend. (2)

 In December 1994 Kessling filed an amended petition which expanded her
allegations but did not eliminate the ambiguities or cure the deficiencies. For example, in her
amended petition Kessling alleged that she had complied with the doctrine of "primary
jurisdiction" by submitting her complaints to the Commissioner before bringing suit, apparently
indicating that her suit was in fact an administrative appeal from some action or decision of the
Commissioner. In this connection she pleaded:


Plaintiff would like this Honorable Court to concur that Defendant's nonfeasance
of duties constitutes an action which is appealable under the terms of Texas
Education Code 11.13(a).


. . . .


 . . . Plaintiff would like this Honorable Court to concur that . . .
Defendant's failure to respond to specific complaints regarding abuse of the
accounting system is an action which is appealable under the terms of Texas
Education Code 11.13(a).


The gravamen of Kessling's complaint about the Commissioner was still his alleged failure to
provide "adequate oversight of financial activities of Plaintiff's school district."

 On January 31, 1995, the trial court signed a second and final order dismissing the
suit for want of jurisdiction. This order recites that the court was granting the Commissioner's
plea to the jurisdiction "[a]fter hearing testimony and oral arguments and considering the
documents on file."


DISCUSSION


 For unknown reasons, the trial court decided it needed to hear testimony at both
the November 17, 1994 hearing and the January 31, 1995 hearing before ruling on the
Commissioner's plea to the jurisdiction. Apparently the evidentiary matters were of some
importance, because Kessling assigns as her first point of error the trial court's failure to file
findings of fact and conclusions of law. Yet Kessling has not brought forward to this Court a
statement of facts from either hearing. As appellant, Kessling has the burden of presenting to this
Court a sufficient record to show reversible error. Tex. R. App. P. 50(d). In the absence of a
complete record, an appellant can show neither error nor harm. See Christiansen v. Prezelski,
782 S.W.2d 842, 843 (Tex. 1990); Englander Co. v. Kennedy, 428 S.W.2d 806, 806-07 (Tex.
1968). Absent a complete record, "the reviewing court must presume that the evidence before
the trial judge was adequate to support the decision." Simon v. York Crane & Rigging Co., 739
S.W.2d 793, 795 (Tex. 1987).

 Even if we indulge a presumption that none of the evidence adduced at the two
hearings was material to the trial court's decision, Kessling still cannot prevail. When a court
lacks jurisdiction in a matter, the only valid action it may take is dismissal. Fenno v. Sam Reece
Air Conditioning & Heating, Inc., 572 S.W.2d 810, 811 (Tex. Civ. App.Houston [14th Dist.]
1978, no writ). Thus, it is the court's duty to dismiss the cause when it becomes aware that it
lacks authority to adjudicate the issues presented. Protestants v. American Pubs, Inc., 787
S.W.2d 111, 113 (Tex. App.Houston [1st Dist.] 1990, writ denied).

 As a general rule, only when a person complaining of a school board's action has
exhausted the administrative procedures set forth in section 11.13 of the Texas Education Code
may he or she seek judicial review. See Texas Education Code, 61st Leg., R.S., ch. 889, sec.
1, § 11.13, 1969 Tex. Gen. Laws 2735, 2757; Act of June 30, 1984, 68th Leg., 2d C.S., Art.
I, Part D, § 3, 1984 Tex. Gen. Laws 117, 129 (Tex. Educ. Code Ann. § 11.13, since repealed
and recodified at Tex. Educ. Code § 7.057); Texas Educ. Agency v. Cypress-Fairbanks Indep.
Sch. Dist., 830 S.W.2d 88, 90 (Tex. 1992). Although Kessling's declaratory judgment action is
framed as a grievance against the Commissioner himself for an alleged failure to respond to
allegations of FISD's accounting abuses, the basis of her claim is her disagreement with FISD
officials regarding whether they have properly complied with Texas Education Agency bulletin
679. Thus, unless an exception to the doctrine of exhaustion applies, Kessling must first appeal
FISD's actions to the Commissioner pursuant to the Texas Education Code and receive an adverse
decision from the Commissioner before seeking judicial review. "[O]nce a matter in controversy
is submitted to the school authorities for decision on appeal, that course of appeal must be
exhausted and completed before resort can be had to the courts for relief." Cook v. Neill, 352
S.W.2d 258, 266-67 (Tex. 1961).

 There is authority that a trial court may intercede before a party has exhausted all
administrative remedies only where (1) the administrative agency lacks jurisdiction, Cypress-Fairbanks, 830 S.W.2d at 90; (2) irreparable harm will be suffered and the agency is unable to
provide relief, Houston Fed'n of Teachers, Local 2415 v. Houston Indep. Sch. Dist., 730 S.W.2d
644, 646 (Tex. 1987); (3) there are purely questions of law involved, Grounds v. Tolar Indep.
Sch. Dist., 707 S.W.2d 889, 892 (Tex. 1986); or (4) the agency has exceeded its statutory
authority, City of Sherman v. Public Util. Comm'n, 643 S.W.2d 681, 683 (Tex. 1983). This case
does not fit into any of the listed exceptions to the exhaustion doctrine.

 Kessling has not carried her burden of showing that all administrative remedies
have been exhausted. See Methodist Hosps. v. Texas Workers' Compensation Comm'n, 874
S.W.2d 144, 149 (Tex. App.Austin 1994, no writ). On the contrary, even a liberal reading of
Kessling's pleadings indicates that she has yet to give the Commissioner the opportunity to make
a decision on her complaints pursuant to the mandatory statutory appeals procedure. Kessling's
pleadings and attachments show affirmatively that the Commissioner has not held a hearing or
rendered a decision adverse to her on the matters about which she complains. Additionally,
Kessling has not alleged that the Commissioner has refused to grant her a hearing or has otherwise
prevented her from utilizing the available administrative remedies. Nor do her allegations indicate
that there has been such delay on the part of the Commissioner as to render any administrative
appeal ineffective. In short, Kessling's pleadings show that there has been no action or decision
on the part of the Commissioner, in the context of an administrative appeal, from which judicial
review may be sought in district court. We conclude, therefore, that the trial court did not err in
dismissing her suit as to any administrative remedy she may have been seeking.

 Although the trial court dismissed any premature administrative appeal Kessling
was seeking, the court gave her the opportunity to amend her petition to plead a cause of action
within the jurisdiction of the district court. Kessling's amended pleading, however, asserts no
new facts or causes of action within the jurisdiction of the district court. Thus, after reviewing
the pleadings, we conclude that Kessling's amended petition does not allege a justiciable
controversy giving the court jurisdiction under the Declaratory Judgment Act; therefore, the trial
court did not err in dismissing her suit for want of jurisdiction.

 Because we conclude that the trial court had sufficient basis for dismissing
Kessling's suit for want of jurisdiction, we need not address points of error three and four, which
raise standing issues.

 In her second point of error, Kessling complains that the trial court's order
prohibits her from appealing her grievance regarding FISD's school board's actions to the
Commissioner. We do not read the trial court's order to prohibit any such action. The order
granting the plea to the jurisdiction merely precludes Kessling from pursuing a suit for judicial
review of agency action that has not yet taken place. The order does not purport to prevent
Kessling from seeking her statutory right to appeal to the Commissioner. We overrule point of
error two.

 Finally, in point of error one, Kessling complains that the trial court erred because
it failed to file findings of fact and conclusions of law. See Tex. R. Civ. P. 296, 297. Again, if
the evidence presented at the November 17, 1994 and January 31, 1995 hearings was material to
the trial court's ruling, the absence of a statement of facts prevents us from determining whether
the court's failure to file findings of fact and conclusions of law was harmful error. If, on the
other hand, the evidence presented at the hearings was not material, then the trial court had no
duty to issue such findings and conclusions. Zimmerman v. Robinson, 862 S.W.2d 162, 164
(Tex. App.Amarillo 1993, no writ); Eichelberger v. Balette, 841 S.W.2d 508, 510 (Tex.
App.Houston [14th Dist.] 1992, writ denied). We overrule point of error one.


CONCLUSION


 We affirm the trial court's judgment.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: June 26, 1996

Do Not Publish
1. The legislature instituted the Foundation School Program to ensure that school
districts are equally and adequately funded. Id. The Commissioner of Education is
charged with the duty to implement and administer the program. Id. Pursuant to the statutory
directives, the Commissioner requires participating school districts to submit accounting
reports of the district's financial activity. Id. The data from these reports is placed in the
Public Education Information Management System ("PEIMS"), and the legislature uses this
information to decide how to distribute money to participating school districts.
2.   The trial court's order, which followed a November 17, 1994 hearing, was signed on
December 12, 1994 and recites that the court was granting the Commissioner's plea to the
jurisdiction after considering "the pleadings, evidence, and arguments of the parties." The
scope and purpose of the evidentiary hearing are unknown because Kessling has not filed with
this Court a statement of facts from that hearing. The uncertainty reflected in the trial court's
order was apparently a reflection of the ambiguity of Kessling's pleadings; it was not clear
whether the suit was intended to be an appeal pursuant to former section 11.13 of the Texas
Education Code or, instead, an independent declaratory judgment action.



 judicial
review may be sought in district court. We conclude, therefore, that the trial court did not err in
dismissing her suit as to any administrative remedy she may have been seeking.

 Although the trial court dismissed any premature administrative appeal Kessling
was seeking, the court gave her the opportunity to amend her petition to plead a cause of action
within the jurisdiction of the district court. Kessling's amended pleading, however, asserts no
new facts or causes of action within the jurisdiction of the district court. Thus, after reviewing
the pleadings, we conclude that Kessling's amended petition does not allege a justiciable
controversy giving the court jurisdiction under the Declaratory Judgment Act; therefore, the trial
court did not err in dismissing her suit for want of jurisdiction.

 Because we conclude that the trial court had sufficient basis for dismissing
Kessling's suit for want of jurisdiction, we need not address points of error three and four, which
raise standing issues.

 In her second point of error, Kessling complains that the trial court's order
prohibits her from appealing her grievance regarding FISD's school board's actions to the
Commissioner. We do not read the trial court's order to prohibit any such action. The order
granting the plea to the jurisdiction merely precludes Kessling from pursuing a suit for judicial
review of agency action that has not yet taken place. The order does not purport to prevent
Kessling from seeking her statutory right to appeal to the Commissioner. We overrule point of
error two.

 Finally, in point of error one, Kessling complains that the trial court erred because
it failed to file findings of fact and conclusions of law. See Tex. R. Civ. P. 296, 297. Again, if
the evidence presented at the November 17, 1994 and January 31, 1995 hearings was material to
the trial court's ruling, the absence of a statement of facts prevents us from determining whether
the court's failure to file findings of fact and conclusions of law was harmful error. If, on the
other hand, the evidence presented at the hearings was not material, then the trial court had no
duty to issue such findings and conclusions. Zimmerman v. Robinson, 862 S.W.2d 162, 164
(Tex. App.Amarillo 1993, no writ); Eichelberger v. Balette, 841 S.W.2d 508, 510 (Tex.
App.Houston [14th Dist.] 1992, writ denied). We overrule point of error one.


CONCLUSION


 We affirm the trial court's judgment.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: June 26, 1996

Do Not Publish
1. The legislature instituted the Foundation School Program to ensure that school
districts are equally and adequately funded. Id. The Commissioner of Education is
charged with the duty to implement and administer the program. Id. Pursuant to the statutory
directives, the Commissioner requires participating school districts to submit accounting
reports of the district's financial activity. Id. The data from these reports is placed in the
Public Education Information Management System ("PEIMS"), and the legislature uses this
information to decide how to distribute money to participating school districts.
2.   The trial court's order, which followed a November 17, 1994 hearing, was signed on
December 12, 1994 and recites that the court was granting the Commissioner's plea to the
jurisdiction after considering "the pleadings, evidence, and arguments of the parties." The
scope and purpose of the evidentiary hearing are unknown because Kessling has not filed with
this Court a statement of facts from that hearing. The uncertainty reflected in the trial court's
order was apparently a reflection of the ambiguity of Kessling's pleadings; it was not clear
whether the suit was intended to be an appeal pursuant to former section 11.13 of the Texas
Educat