Bernard J. DOLENZ, Appellant,

v.

TEXAS STATE BOARD OF MEDICAL EXAMINERS; Homer H. Goehrs, M.D.; Connie Ode; R.A.D. Morton, Jr., M.D., Appellees.

No. 03–97–00348–CV.

Court of Appeals of Texas, Austin.

Nov. 30, 1998.

See also 899 S.W.2d 809.

Bernard J. Dolenz, Dallas, for Appellant.

Dan Morales, Attorney General, Jennifer Gilchrist, Assistant Attorney General, Austin, for Appellee.

Before Chief Justice ABOUSSIE, Justices POWERS and B.A. SMITH.

JOHN POWERS, Justice.

Bernard J. Dolenz appeals from a final judgment resulting from opposing motions for summary judgment in his libel action against the Texas State Board of Medical Examiners and its members.[1] We will affirm the judgment.

## THE CONTROVERSY

Dolenz holds a license to practice medicine. Following a contested-case hearing, the Board issued a final order suspending his license for one year. The order was based on statutory grounds, namely that Dolenz failed to (1) keep complete and accurate records pertaining to the purchase and disposal of controlled substances, and (2) practice medicine in an acceptable manner consistent with the public health and welfare. *See* Texas Medical Practice Act, Tex.Rev.Civ. Stat. Ann. art. 4495b, §§ 3.08(4)(B), 3.08(18) (West Supp.1998). The order of suspension was probated.[2]

Dolenz brought against the Board, in district court, a statutory cause of action for judicial review of the Board order. *See* Tex. Rev.Civ. Stat. Ann. art. 4495(b), § 4.09 (West Supp.1998). While his suit was pending, he amended his petition to allege a common law

cause of action for libel based upon allegedly defamatory statements contained in the Board's Spring 1991 newsletter. The statements alleged to be defamatory summarized as follows the disciplinary action taken by the Board in Dolenz's contested case:

## REPORT ON BOARD MEETINGS

Those physicians recently cited to appear and answer allegations of Medical Practice Act violations are as follows: (Note: This list may not reflect a change occurring near the publication date. For current information, check with the Board office.)

\* \* \*

DOLENZ, BERNARD J., M.D. (C7391)—Dallas

Board Finding:

Failure to keep complete and accurate records of purchases and disposals of drugs listed in the Texas Controlled Substances Act; failure to practice medicine in acceptable manner consistent with public health and welfare.

Board Action:

One-year suspension, suspension probated, with conditions

(On appeal to Travis County District Court)

Dolenz and the Board filed opposing motions for summary judgment pertaining to his cause of action for libel. The grounds urged by the parties are discussed below. The district court sustained the Board's motion and denied Dolenz's motion. Dolenz took the present appeal after the district court severed his common law libel action from his statutory cause of action for judicial review of the Board's disciplinary order.[3]

---

1. The Board members were defendants in district court and appellees here. They are Homer Goehrs, Connie Ode, and R.A.D. Morton. For convenience we will refer generally to the Board alone in the text of the opinion.

2. The period of suspension expired November 20, 1991.

3. On the Board's plea, the district court subsequently dismissed for want of jurisdiction Dolenz's cause of action for judicial review of the Board order. In Dolenz's appeal from that order, we reversed the district court judgment and remanded the cause to that court. *See Dolenz v. Texas State Bd. of Medical Examiners*, 899 S.W.2d 809 (Tex.App.—Austin 1995, no writ).

## DISCUSSION AND HOLDINGS

■ Among the matters urged by the Board in its answer, in its motion for summary judgment, and in response to Dolenz's motion for summary judgment, was a plea of absolute privilege concerning the statements Dolenz alleged were defamatory. We believe it necessary to discuss only this affirmative defense because Dolenz could not recover and the Board could not be liable to him if it were established, as a matter of law, that the statements in the Spring 1991 newsletter were absolutely privileged.[4]

■ The Board is an executive body of state government; its members are executive officers of the state. Whether they are sheltered from defamation actions depends upon the nature of the public duties they perform, the importance of the public office, whether they are required to perform policymaking functions, and whether the statements alleged to be defamatory were made in the course of exercising their official authority. *See generally* 50 Am.Jur.2d *Libel & Slander* § 288, at 573 (1995).

The Board's powers and duties are given them by the legislature in order for the state to regulate the practice of medicine within its borders. *See* Tex.Rev.Civ. Stat. Ann. art. 4495b, § 2.01 (West Supp.1998). The legislature has empowered the Board to make and execute public policy, regulating the practice of medicine by means of rules, appointments, lawsuits, examinations and investigations, reports and publications, licensing practitioners, and disciplining them through informal proceedings and contested-case adjudications.[5] There can be no question, in this instance, that the Board and its members acted within their official capacity; they were *required by statute* to report and publicize summaries of their disciplinary orders such as that pertaining to Dolenz included in the Spring 1991 newsletter. *See* Tex.Rev.Civ. Stat. Ann. art. 4495b, § 2.09(p) (West Supp. 1998). Nor can one legitimately quarrel with the importance of the Board and its duties and powers, insofar as the public interest is concerned. If the public importance of regulating insurance and railroad practices justifies (and it does) extending an absolute privilege to regulatory authorities in those areas, the importance of regulating the practice of medicine in the public interest justifies extending the same privilege to the Board and its members. *See Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909, 912 (Tex.1942); *Aransas Harbor Terminal Ry. Co. v. Taber*, 235 S.W. 841, 842–43 (Tex.Com. App.1921); *see also Texas State Bd. of Medical Examiners v. Scheffey*, 949 S.W.2d 431, 435–36 (Tex.App.—Austin 1997, writ denied); *Thompson v. Texas State Bd. of Medical Examiners*, 570 S.W.2d 123, 128 (Tex.Civ. App.—Tyler 1978, writ ref'd n.r.e.); *see generally* W.E. Shipley, Annotation, *Libel and Slander: Privilege Applicable to Judicial Proceedings as Extending to Administrative Proceedings*, 45 A.L.R.2d 1296, 1306–08 (1956).

We hold the statement pertaining to Dolenz, appearing in the 1991 Spring newsletter, was absolutely privileged. Accordingly, the district court did not err in granting the Board's motion for summary judgment on that ground.

■ Dolenz also contends in his first point of error that the district court erred in denying his motion for summary judgment because the pleadings and his request for admission, which the Board failed to answer,

---

4. The elements of a cause of action for defamation are stated as follows in the Restatement of Torts, Second:

To create liability for defamation there must be: (a) a false and defamatory statement concerning another; (b) *an unprivileged publication to a third party;* (c) fault amounting at least to negligence on the part of the publisher; and (d) either action-ability of the statement irrespective of special harm or the existence of special harm caused by the publication.
Restatement (Second) of Torts § 558 (1977) (emphasis added).

5. *See, e.g.,* the following sections of article 4495b: § 2.09(a),(b),(c),(i),(k); § 3.025, § 4.02(d), § 4.025 (rulemaking); § 2.09(b–1), (i) (appointments); § 2.09(j) (enforcement through the bringing of lawsuits); § 2.09(m), § 3.01(e), § 4.02 (investigation); § 2.09(p), (s) (reports and publicity); § 3.03, § 3.0305, § 3.04, § 3.05 (examination and licensure); § 3.08, § 4.01, § 4.025, § 4.03–.08 (discipline through informal proceedings and contested-case adjudications).

entitled him to judgment as a matter of law. We have examined the unanswered request for admissions. The requested admissions do not pertain to the elements of a cause of action for libel nor to the Spring 1991 newsletter. They refer instead to the Board's adjudication of the contested case in which Dolenz's license was suspended by a final order of the Board. More importantly, the district court did not err in denying Dolenz's motion for summary judgment because no remedy exists in the face of an absolute privilege, "and this is true even though the language is false and uttered or published with express malice." *Reagan*, 166 S.W.2d at 912. We hold accordingly.[6] For the reasons given, we affirm the district court judgment.

---

**6.** In his remaining points of error, Dolenz contends that granting the Board's motion for summary judgment was erroneous because the statements in the 1991 Spring newsletter were "false and not true," and the Board and its members were "not immune to suit ... under the facts of this case." The last-named point argues that "official immunity only shields persons from suits complaining of official acts; persons can still be sued in their individual capacities for wrongful unofficial acts." *Bagg v. University of Texas Medical Branch at Galveston*, 726 S.W.2d 582, 584–85 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). Baggs sued on causes of action for breach of contract and "various" other actions, not including defamation. The defense invoked in that suit was official immunity, not absolute privilege as a defense to a defamation action.