# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00540-CV

**Thomas M. Parker, M.D., Appellant**

**v.**

**Texas Medical Association and Texas Medical Liability Trust, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. 99-13225, HONORABLE PAUL DAVIS, JUDGE PRESIDING**

Thomas M. Parker, M.D., appeals from the trial court=s dismissal of his case based on his failure to state a cause of action. We will affirm the trial court=s judgment.

### Factual and Procedural Background

In November 1999, Parker, acting pro se, filed his original petition naming the Texas Medical Association (TMA) and the Texas Medical Liability Trust (the Trust) as defendants. Parker complained that the TMA raised its dues by $35 per year, and asserted that the increase was to be transferred to the Trust in violation of the Texas Medical Practice Act.[1] Parker also asserted that the defendants violated his civil rights. Before TMA entered an appearance, the Trust filed special exceptions to the original petition for failure to state a cause of action. On January 31, 2000, the trial court held a

---

[1] The dues increase was effective January 1, 1998. Parker was a member of the TMA house of delegates. He introduced a resolution in November 1997 calling for the rescission of the increase. The resolution was defeated.

hearing on the special exceptions. Parker=s theory at times seemed to be that TMA and the Trust conspired to require malpractice insurance, then require TMA membership in order to be able to purchase malpractice insurance, with money from the increased sale of insurance going to TMA for debt retirement. At the hearing on the special exceptions, Parker admitted that it was not mandatory for doctors to be TMA members and that malpractice insurance could be secured on the open market. He said that he considered the civil rights violation to be that he is Aforced to associate with people that I [sic] really rather not.@ On January 31, 2000, the court granted the special exceptions and ordered Parker to amend within thirty days or the claims against the Trust would be dismissed with prejudice. Parker failed to amend and on March 14, 2000, the court struck his pleadings and rendered judgment dismissing his claims against the Trust.

After answering,[2] TMA filed special exceptions based on the same grounds. On June 26, 2000, the court granted those special exceptions, giving Parker sixty days to amend. Parker filed an amended petition which did not cure the defects. Although Parker continued to concede that TMA membership was voluntary, he elaborated that his constitutional claims were based on membership being Ade facto@ mandatory because involvement in TMA was good for business. On August 15, 2000, the trial court granted TMA=s special exceptions and dismissed Parker=s suit for failure to state a cause of action.

---

[2] On May 8, 2000, Parker moved for a default judgment against TMA, who had not answered. TMA then answered and asserted that the service of Parker=s original petition had been defective. The trial court denied the motion for default judgment on June 1, 2000.

In his first two issues on appeal, Parker challenges the grant of the special exceptions and motions to strike. In his third issue, he contends that the dismissal of the Trust before TMA=s appearance obstructed justice Abecause the two could not have acted without one another@ and the dismissal of TMA Asimply let off the primary actor.@ Further A[i]t sustains an extortion racket the Plaintiff and the State of Texas cannot afford.@

**Discussion**

A special exception is a proper method to determine whether a plaintiff has pleaded a cause of action. *Butler Weldments Corp. v. Liberty Mut. Ins. Co.*, 3 S.W.3d 654, 658 (Tex. App.CAustin 1999, no pet.). When special exceptions are sustained, the pleader may either amend the petition or refuse to amend and challenge the ruling on appeal. *Id*. at 658; *Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 820 (Tex. App.CCorpus Christi 1978, writ ref=d n.r.e.). If the defect is not cured after amendment, the trial court may dismiss the cause. *Stinnett v. Williamson County Sheriff=s Dep=t*, 858 S.W.2d 573, 575 (Tex. App.CAustin 1993, writ denied); *Eichelberger v. Balette*, 841 S.W.2d 508, 510 (Tex. App.CHouston [14th Dist.] 1992, writ denied). When a trial court dismisses a case upon special exception for failure to state a cause of action, we review that issue of law using a *de novo* standard of review. *Butler Weldments*, 3 S.W.3d at 658. We accept as true the allegations of the plaintiff=s petition. *Sorokolit v. Rhodes*, 889 S.W.2d 239, 240 (Tex. 1994); *Butler Weldments*, 3 S.W.3d at 658.

Parker alleged that TMA and the Trust violated his civil rights. *See* 42 U.S.C.A. ' 1983 (West 1994). Even if his associational rights under the First Amendment could be violated by his membership in a voluntary association, his claim nevertheless lacks the essential element of state action. *See*

**3**

*Li v. University of Texas Health Sci. Ctr.*, 984 S.W.2d 647, 652 (Tex. App.CHouston [14th Dist.] 1998, pet. denied) (holding that Aprivate professional association of doctors@ cannot be liable for alleged civil rights violations because there is no state action); *Cole v. Huntsville Mem=l Hosp.*, 920 S.W.2d 364, 368 (Tex. App.CHouston [1st Dist.] 1996, writ denied) (defendant must act Aunder color of state law@). Without state action, Parker=s civil rights claim fails as a cause of action.

Parker alleged that the dues increase violated the Medical Practice Act=s prohibition on transfers of value in exchange for patronage.[3] Tex. Occ. Code Ann. ' 165.155(a), (e) (West 2002). He attached to his pleading a TMA financial statement showing a line item for income from Ainsurance royalty.@ There is no detailed explanation about the exact nature of that income, but that income seems to be the factual basis for Parker=s assertion that there is an improper transfer of value under the Medical Practice Act. That statute, however, does not create a private cause of action. *Cole*, 920 S.W.2d at 373 (enforcement of Medical Practice Act is by criminal penalties and administrative regulation). Further, the section on which Parker relies is a prohibition directed at doctors receiving referral fees, and is not directed

---

[3] The statute reads: AA physician commits an offense if the physician employs or agrees to employ, pays or promises to pay, or rewards or promises to reward any person, firm, association, partnership, or corporation for securing or soliciting a patient or patronage.@ Tex. Occ. Code Ann. ' 165.155 (a). AAn offense under this section is a Class A misdemeanor.@ *Id.* (c) (formerly Tex. Rev. Civ. Stat. Ann. art. 4459b, ' 3.07 (c), *enacted*, Act of July 28, 1981, 67th Leg., 1st C.S., ch. 1, ' 1, sec. 3.07(c), 1981 Tex. Gen. Laws 1, 18).

to organizations having business relationships not involving patient referrals. *See* Op. Tex. Att=y Gen. No. JM-752 (1987) (section applies to physicians, not hospitals). Parker has not stated a cause of action under the Medical Practice Act.

Parker also makes general allegations that malpractice insurance premiums are a Abribe paid under duress to practice medicine@ and complains that requiring such insurance is a malicious trespass, an unlawful garnishment, and a cloud on plaintiff=s privilege to practice medicine. He further alleges that TMA=s requirement to maintain insurance is defamatory and an invasion of privacy.[4] Parker also complains globally of fraud and fraudulent conduct on the part of TMA and the Trust.

However, nowhere does Parker state facts that might bring him within any recognized cause of action. For example, the elements of defamation are: (1) the defendant published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement. *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998); *Dolenz v. Texas State Bd. of Med. Exam=s*, 981 S.W.2d 487, 489 n.4 (Tex. App.CAustin 1998, no pet.). The elements of common-law fraud are that: (1) a material representation was made; (2) that was false; (3) when the representation was made, the speaker knew it was false or made the statement recklessly without any knowledge of truth and as a positive assertion; (4) the representation was made with the intention that it be

---

[4] Apparently, because he has never been sued, he construes this Arequirement@ as impugning his reputation.

acted upon by the other party; (5) that party acted in reliance upon the representation; and (6) that party suffered injury. *Johnson & Higgins, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 524 (Tex. 1998); *Trinity Indus., Inc. v. Ashland, Inc.*, 53 S.W.3d 852, 867 (Tex. App.CAustin 2001, pet. denied). *See also* Tex. Civ. Prac. & Rem. Code Ann. ' 63.001-.005 (West 1997) (elements of garnishment);*Humble Pipe Line Co. v. Anderson*, 339 S.W.2d 259, 265 (Tex. Civ. App.CWaco 1960, writ ref=d n.r.e.) (elements of trespass). Parker asserts none of these allegations. We conclude that Parker failed to state a cause of action and overrule his first and second issues.

In his third issue, Parker complains of the dismissal of one defendant before the other answered. Parker has failed to demonstrate harm from this procedure; ultimately, his causes against both were dismissed. We overrule his third issue.

**Conclusion**

We have reviewed Parker=s pleadings and hold that he has failed to state a cause of action against either defendant. We have overruled his issues on appeal and affirm the trial court=s judgment.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

**6**

Filed:   July 26, 2002

Do Not Publish