# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 5, 2011

No. 11-50030
Summary Calendar

Lyle W. Cayce
Clerk

PEDRO IVAN RIVERA, also known as Pedro I. Rivera,

Plaintiff - Appellant

v.

TEXAS STATE BOARD OF MEDICAL EXAMINERS,

Defendant - Appellee

Appeal from the United States District
Court for the Western District of Texas
USDC No. 1:10-CV-912

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Pedro Ivan Rivera appeals the district court's order dismissing his case. For the reasons that follow, we AFFIRM.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Although Dr. Rivera also argues on appeal that the District Court for the District of Columbia erred in transferring his case, he did not properly appeal the order of transfer, and

No. 11-50030

I.

Dr. Rivera was convicted of tax evasion in 1999. As a result, the Texas Board of Medical Examiners stripped him of his Texas medical license on March 31, 2000. On October 29, 2010, he brought suit against the Board. As he explains in his brief, the suit presents:

> a [state] tort claim seeking injunctive relief and damages against the Texas State Board of Medical Examiners for revoking [his] . . . license without cause and publishing said internationally with the express purpose of destroying [his] . . . career.

The suit was filed in the United States District Court for the District of Columbia; it was subsequently transferred to the United States District Court for the Western District of Texas. The Board filed a motion to dismiss, which the district court granted on the ground that the Board was a state agency immune from suit under the Eleventh Amendment. Dr. Rivera appeals.

II.

It is well-established that -- absent waiver -- the Eleventh Amendment bars us from hearing the specific type of suit at issue here. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). On appeal, Dr. Rivera makes various arguments, but his only *relevant* argument is that the Board is not an agent of the state of Texas. The Board, however, is clearly a Texas state agency. *Dolenz v. Tex. State Bd. of Med. Exam'rs*, 981 S.W.2d 487, 489 (Tex. Ct. App. 1998). Because Texas has not waived immunity for intentional tort claims such as defamation and libel, *see* TEX. CIV. PRAC. & REM. CODE ANN. §101.057(2), Dr. Rivera's claim is not cognizable.

III.

The judgment of the district court is

AFFIRMED.

---

we therefore do not address the merits of that issue.