The **CITY OF HOUSTON and Lee P. Brown as Chief of Police of the City of Houston Police Department, Appellants,**

v.

**CASCADES, INC., Appellee.**

No. A14–87–022–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 2, 1987.

Rehearing Denied April 30, 1987.

**60**

Laura S. Portwood, Houston, for appellants.

Robert J. Waska, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a temporary injunction order enjoining the enforcement of the City of Houston Ordinance regulating sexually oriented businesses "as it applies to permits for business enterprises." Appellant advances sixteen points of error attacking the action of the trial court. We hold the trial court was without jurisdiction to issue the injunction and reverse.

On March 5, 1986, the City Council of the City of Houston passed Ordinance No. 86–323 regulating sexually oriented businesses. While the ordinance is quite long and detailed, it is sufficient to note the following provisions: The ordinance requires owners or operators of sexually oriented businesses to obtain permits from the City of Houston in order to either commence or continue their operations. It regulates the location, signage and exterior painting of the buildings. It prohibits the issuance of a permit to a sexually oriented business which is located within 750 feet of any school or licensed day care center. All non-conforming enterprises existing on the date the ordinance became effective could remain in business, even if their permit application was denied, until November 30, 1986. The ordinance further provided that an owner of an existing non-conforming business could apply for, and be granted, an extension to operate after November 30, 1986, if he demonstrated that the extension was necessary for the recoupment of the investment in the business. Operation of a sexually oriented business without a permit was declared to be a class B misdemeanor.

It is undisputed that appellee's business is a sexually oriented business subject to regulation by the ordinance. In fact, appellee's petition alleged that it is engaged in the business of selling alcoholic beverages and "offers topless entertainment to its customers." Appellee's business opened to the public for the first time on July 31, 1986. Appellee stipulated that its place of business was within 750 feet of Chimney Rock Hall, which qualified as both a "school" and a "licensed day care center" as defined by the ordinance and that it "was not entitled to a permit under Ord. 86–323 at the time of its permit application due to the proximity of Chimney Rock Hall and is presently not entitled to a permit."

Contending that its business was eligible for an extension of the amortization period to recoup its investment, appellee applied for an extention to operate after November 30, 1986. In accordance with the ordinance, a hearing on the extension was held and the extension was denied. Appellee then filed suit in the district court.

In its petition appellee did not attack the ordinance on constitutional grounds, nor in the hearing before the court did appellee even suggest the ordinance was unconstitutional. Appellee sought to invoke the jurisdiction of the trial court to issue an injunction by alleging:

Your Plaintiff states to the Court there is an imminent harm and immediate emergency does exist and same is not merely an illusion of fear and apparition in this cause of action. Further, your Movant states that the pending injury of the loss of $1,889,470.96 is so threatening and real that it must be construed to reasonable [sic] justify the fears of your Movants. Your Plaintiff suggests to the Court that the foregoing loss of $1,889,-470.96 should arouse the Court to do equity and grant temporary injunction,

pending a final judicial decision on the merits.

## IX.

Stating further to the Court, generally the fact that a statute is invalid affords no ground for injunctive relief restraining officials acting pursuant to the statute; however, injunctive relief does lie where public officials announce the intention of taking action that is invalid. This is to say that an injunction does lie against possible enforcement of a void ordinance where enforcement would result in irreparable and imminent injury to your Movant's property rights.

. . . .

## X.

Your Movant would state to the Court that their right to temporary injunctive relief pending the final hearing on the merits exists to this Plaintiff because this Plaintiff shows to the Court it has expended some $1,889,470.96 and that they will be injured by the Defendant's act and/or attempt to close the doors of the business enterprise.

Stating further, your Movant states to the court that is necessary to preserve the status quo pending a trial on the merits. Monetary injury in the amount of $1,889,470.96 is substantial and not trivial.

Further, the injury spoken of is certainly existing in the dollar amount expended in the furtherance of this business enterprise; hence, it is vested in the Movant, since said funds have been expended and your Movant states to the Court that they have a legally cognizable and justifiable right and interest to do business under the American way of free enterprise.

## XI.

Your Plaintiff alleges that they have shown due dilligence [sic] in this cause of action and there exists no issue of laches in any form or manner.

Your Plaintiff further alleges to the Court they have a special right to sue in order to pursue the fundamentals of the American system of free enterprise and secondly, speaking in a general manner, they will suffer a special injury, to wit: loss of an investment of $1,889,470.96.

In several points of error appellant contends the trial court was without jurisdiction to enjoin the enforcement of the ordinance because there is no evidence that the ordinance is void or that appellee will suffer irreparable injury to a vested property right. We agree.

It is well settled that a court of equity may not enjoin the enforcement of a penal ordinance unless: (1) the ordinance is unconstitutional, or otherwise void; and (2) the enforcement of the ordinance causes irreparable injury to vested property rights. *City of Houston v. MEF Enterprises, Inc.*, No. 14–87–040–CV (Tex.App.—Houston [14th Dist.] March 25, 1986) (not yet reported).

 As stated above, appellee did not contend, nor did the court find, that the ordinance was unconstitutional. For this reason alone, the trial court was without jurisdiction to issue the injunction. *Id.* Further, appellee failed to satisfy the second requirement. Although appellee argues it has a "legally cognizable and justifiable right and interest to do business under the American way of enterprise," there is no evidence in the record to support this contention. We also find that appellee will have ample opportunity to contest the ordinance in any prosecution brought against it. *Id.* Therefore, the trial court was without jurisdiction to issue the temporary injunction.

The judgment of the trial court is reversed and the temporary injunction is dissolved.

J. CURTISS BROWN, Chief Justice, concurring.

I concur because the first requirement has not been met. In my view the evidence supports the implied finding of the trial court that enforcement of the ordinance

would cause irreparable injury to vested property rights.