**Payton A. SMITH, Appellant,**

v.

**Harlon COPELAND, et al., Appellee.**

No. 04–89–00107–CV.

Court of Appeals of Texas, San Antonio.

Jan. 24, 1990.

John F. Carroll, Jack Paul Leon, San Antonio, for appellant.

Christian Joe Gros, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CARR, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from denial of a temporary injunction. Payton A. Smith, owner of

Crystal Spa, a massage parlor, sought to enjoin enforcement of Bexar County regulations restricting the location of certain sexually oriented commercial enterprises. Smith sued Harlon Copeland, Sheriff of Bexar County and his employees, requesting that the Spa be allowed to remain in its present location and continue operation. In his sole point of error, appellant argues that the trial court abused its discretion and erred in not issuing the temporary injunction.[1]

Chapter 243 of the Local Government Code grants the authority to municipal and county authorities to regulate the location of sexually oriented businesses. Section 243.001 provides in part:

(a) The legislature finds that the unrestricted location of certain sexually oriented businesses may be detrimental to the public health, safety, and welfare by contributing to the decline of residential and business neighborhoods and the growth of criminal activity. The purpose of this chapter is to provide local governments a means of remedying this problem.

TEX.LOCAL GOV'T CODE ANN. § 243.001(a) (Vernon 1988).

One such "sexually oriented business" was defined as a massage parlor, listing it in addition to other specifically defined businesses. *Id.* at § 243.002. The Act limits authority to regulate these enterprises to location only. *Id.* at § 243.003. Other subjects of regulation, such as health, are covered by other laws, and administered by other agencies. It is not contested in the present case that Crystal Spa is a "sexually oriented business." Section 243.007 of the Texas Local Government Code provides that a municipality or county may require that a location permit be obtained for operation of a sexually oriented business. Section 243.008 specifies that a violation of city or county regulations under this chapter is a Class B misdemeanor. Confinement in jail is the possible punishment for violation. This is, therefore, a penal law.

The record reflects that the Crystal Spa had been in the same location since 1981. Temporary one-year permits as provided for in the Bexar County Regulations, which were adopted in 1981, had been issued twice to Smith, the last one in 1984.

Section 6 of the regulations prescribes that a permit issued by the Sheriff must be obtained. Also, the applicant must certify that the sexually oriented business will be *located* a minimum of 1500 feet from certain establishments and places. Section 6(c) specifies that § 6 will apply to all sexually oriented businesses whether or not existing on the effective date of the regulations. It is undisputed that appellant's sexually oriented business is located within 1500 feet of residences, which is proscribed by § 6(3).

Appellant acquired the Crystal Spa business in 1982. A permit pursuant to chapter 243 of the Local Texas Government Code, approving the location of the business was never issued. There is evidence that in 1983 and 1984 appellant obtained one-year permits based on his certification that the business was in existence in 1981. *See* § 6(c). In 1988 appellant was informed he must make application for a location permit from the Sheriff in order to continue operation. The Sheriff closed the spa because of the location violation. The present suit for injunction followed.

■ It is well settled that a court of equity may not enjoin the enforcement of a penal ordinance unless: (1) the ordinance is unconstitutional, or otherwise void, and (2) the enforcement of the ordinance causes irreparable injury to vested property rights. *City of Richardson v. Kaplan,* 438 S.W.2d 366 (Tex.1969). If either one of the requirements is lacking, a court of equity has no jurisdiction to entertain such suit. *State v. Logue,* 376 S.W.2d 567, 569 (Tex. 1964); *City of Houston v. MEF Enterprises, Inc.,* 730 S.W.2d 62, 63 (Tex.App.— Houston [14th Dist.] 1987, no writ).

1. *See Davis v. Huey,* 571 S.W.2d 859 (Tex.1978) regarding the standard of review in temporary injunction cases.

■ The trial court in this case upheld the enforcement of the location regulations and did not hold the application of the regulations to the subject property to be unconstitutional or void, or that the regulations were *per se* unconstitutional. We note similar county regulations have withstood constitutional challenges. Those county regulations were held not to be constitutionally vague or void. They dealt with zoning of certain sexually oriented commercial enterprises. *See Stansberry v. Holmes,* 613 F.2d 1285 (5th Cir.), *cert. denied,* 449 U.S. 886, 101 S.Ct. 240, 66 L.Ed.2d 112 (1980). *See* former article 2372v, TEX.REV.CIV.STAT.ANN., *repealed by* Acts 1989, 71st Leg., ch. 837, § 2, eff. Aug. 28, 1989. *See* former article 2372w, TEX.REV.CIV.STAT.ANN., *repealed by* Acts 1987, 70th Leg., ch. 149, § 49(1), eff. Sept. 1, 1987.

Since the trial court in the present case did not find the penal regulations unconstitutional or otherwise void, the first requirement for a court of equity to enjoin the enforcement of the penal regulations is lacking. For this reason alone, the trial court was without jurisdiction to issue the injunction. *See City of Houston v. MEF Enterprises, Inc.,* 730 S.W.2d at 63.

■ It was stated in *City of University Park v. Benners,* 485 S.W.2d 773, 778 (Tex. 1972), *appeal dismissed,* 411 U.S. 901, 93 S.Ct. 1530, 36 L.Ed.2d 191 (1973); that the supreme court approved the principle that municipal zoning ordinances requiring termination of nonconforming uses under reasonable conditions are within the scope of municipal police power. Further, it was stated that property owners do not acquire a constitutionally protected vested right in property uses once commenced or in zoning classifications once made. The same is true when county ordinances and regulations are involved. We hold that appellant in this case did not acquire a constitutionally protected vested right to continue to operate a sexually oriented business in its present location.

Appellant sought a temporary injunction to enjoin the enforcement of regulations of Bexar County, a violation of which is a Class B misdemeanor. His burden was to show the regulations were unconstitutional or void *and* also that the enforcement of the regulations would cause irreparable injury to vested property rights. Appellant did not sustain that burden. Accordingly, the trial court had no jurisdiction to issue an injunction. No abuse of discretion is shown. The point of error is overruled.

The judgment is affirmed.