**HANG ON III, INC. d/b/a East Texas Chicken Ranch, Appellant,**

v.

**GREGG COUNTY, Texas and Bobby Weaver, Sheriff of Gregg County, Appellees.**

No. 06–94–00126–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 2, 1995.

Decided Feb. 16, 1995.

Rehearing Overruled March 10, 1995.

John L. Gamboa, Acuff, Gamboa, Moore, Fort Worth, for appellant.

Robert S. Davis, Law Office of Charles H. Clark, Tyler, David Brabham, Dist. Atty., Longview, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Hang On III, Inc., doing business as the East Texas Chicken Ranch, operates a restaurant in Gregg County featuring nude women dancers. It unsuccessfully sought a temporary injunction preventing Gregg County and the Gregg County sheriff from enforcing a county order regulating sexually oriented businesses, pending a legal determination of whether the order applied to its business. We will affirm the trial court's denial of the temporary injunction.

The restaurant is in an unincorporated area of Gregg County, and it opened for business on May 13, 1994. Gregg County adopted an order on July 18, 1994, requiring the licensing of and imposing certain regulations on sexually oriented businesses in unincorporated county areas.

The order, among other things, (1) requires owners or operators of sexually oriented businesses to obtain permits to begin or continue operations; (2) regulates building location and signage; (3) prohibits permits for businesses located within certain dis-

tances of a school, licensed day care center, or home; (4) allows all nonconforming businesses existing on the order's effective date to remain in business, even for a period of time after a permit's denial; and (5) provides that the owners of a nonconforming existing business can apply for an extension to operate if the owner can demonstrate he needs an extension to recoup his investment. Violation of the order is a class A misdemeanor.

After the commissioners court adopted the order, the sheriff told the restaurant owners that the order applied to the restaurant and that if they did not comply with its provisions within thirty days, the county would impose penalties. The parties' representatives then met and agreed that the sheriff would not enforce the order against the restaurant until the trial court's final ruling on the application for temporary injunction.

The restaurant sued, seeking a declaratory judgment that, under TEX. LOC. GOV'T CODE ANN. § 243.002 (Vernon Supp.1995), which allows counties to adopt orders regulating sexually oriented businesses, the restaurant is not a sexually oriented business. The order in question defines a "sexually oriented business" as one whose primary business is "the offering of a service or the selling, renting or exhibiting, or devices, or other items intended to provide sexual stimulation or sexual gratification to the customer."

The restaurant asked for a temporary injunction to maintain the status quo until the court determined whether the business constituted a sexually oriented business within the meaning of the order.

In addition, the restaurant sued under 42 U.S.C.A. § 1983 (West 1994), alleging that the county's acts violate its rights under U.S. CONST. amends. IV, V, and XIV. It also sought to enforce its rights under TEX. CONST. art. I, §§ 8, 9 and 19, and TEX. CONST. art. III, § 1.

The trial court held a hearing on the application for temporary injunction. Testifying at the hearing were Andy Anderson, the primary stockholder, and Tim Corbett, the corporation's comptroller. Anderson and Corbett testified that, as entertainment at the restaurant, nude women play pool, oil wrestle, dance, and play darts. Anderson also said he has considered having nude volleyball and nude car washing. Anderson and Corbett testified that about fifty-four percent of the restaurant's revenue came from food sales, and eight percent came from sales of soft drinks and set-ups. The balance came from the $6 cover charge and from fees paid by the dancers. The county contends that only twenty percent of the net profit comes from food sales. The court denied the request for a temporary injunction.

The restaurant contends that the trial court erred in failing to grant a temporary injunction because the evidence conclusively showed that it was entitled to the order; the court denied it a trial on the merits, depriving it of due process; no evidence supported the court's finding that the order was constitutional; and the court's denial of the injunction was an abuse of discretion.

■■■ An equity court may not enjoin the enforcement of a penal ordinance unless the ordinance is unconstitutional and its enforcement will cause irreparable harm to a vested property interest. *State v. Morales,* 869 S.W.2d 941, 942 (Tex.1994); *Smith v. Copeland,* 787 S.W.2d 420, 421 (Tex.App.—San Antonio 1990, no writ); *City of Houston v. MEF Enterprises, Inc.,* 730 S.W.2d 62, 63 (Tex.App.—Houston [14th Dist.] 1987, no writ); *City of Houston v. Cascades, Inc.,* 730 S.W.2d 59, 61 (Tex.App.—Houston [14th Dist.] 1987, writ dism'd). In addition to showing irreparable harm to a vested property right, the movant for injunction must also show that it does not have an adequate remedy at law. A property owner has no constitutionally protected right to operate a sexually oriented business. *Smith v. Copeland, supra; City of Houston v. MEF Enterprises, Inc., supra* (citing *City of University Park v. Benners,* 485 S.W.2d 773, 778 (Tex.1972), *appeal dism'd,* 411 U.S. 901, 93 S.Ct. 1530, 36 L.Ed.2d 191 (1973)). A movant has an adequate remedy at law if it can commit an act in purported violation of the ordinance and defend itself by asserting the invalidity or inapplicability of the ordinance in a criminal trial. *State v. Logue,* 376 S.W.2d 567 (Tex. 1964) (citing *City of Austin v. Austin City Cemetery Ass'n,* 87 Tex. 330, 28 S.W. 528

(1894)). The movant has the burden of showing that the ordinance is unconstitutional and that its enforcement would cause irreparable harm. *Smith v. Copeland,* 787 S.W.2d at 422.

The restaurant sought the temporary injunction and had the burden of showing that the order was unconstitutional and that its vested property interests would suffer irreparable harm from enforcement of the order. At the hearing, however, the restaurant presented only evidence supporting its contention that it is not a sexually oriented business and, therefore, the order did not apply to it. It presented no support for its claim that the order is unconstitutional. In that situation, the trial court could not properly enjoin the order. *State v. Morales, supra; Smith v. Copeland, supra; City of Houston v. MEF Enterprises, Inc., supra; City of Houston v. Cascades, Inc., supra.*

While the injunction question was resolved when the restaurant failed to meet its burden to prove the law's invalidity, the trial court took an extra step and in its judgment stated that similar or identical orders have withstood constitutional challenges and that the order is constitutionally valid. The restaurant complains of this, saying that at the hearing the county presented no evidence of the law's constitutionality. It was the restaurant's burden, however, to show the law's unconstitutionality. Since the restaurant failed to carry its burden, it was not error for the trial court to find the law constitutional.

Even if the court had ruled the law invalid, the restaurant still must prove the second element: that the order's enforcement would cause irreparable harm to a vested property interest. There is no constitutionally vested property interest to operate a sexually oriented business. *City of University Park v. Benners, supra, City of Houston v. MEF Enterprises, Inc., supra.* Moreover, a property owner does not acquire a constitutionally protected right in a property use merely because it began as a conforming use and is later rendered nonconforming. *City of University Park v. Benners,* 485 S.W.2d at 778.

The restaurant argues that we should use the standard of review applicable to civil temporary injunctions, that is, whether the trial court abused its discretion. *Brooks v. Expo Chemical Co.,* 576 S.W.2d 369, 370–71 (Tex.1979). Because an appeal of an order granting or denying a temporary injunction is an appeal from an interlocutory order, the merits of the case are not presented for appellate review. Review is limited strictly to whether there has been a clear abuse of discretion. *Davis v. Huey,* 571 S.W.2d 859, 861–62 (Tex.1978). The restaurant cites *TK's Video, Inc. v. Denton County, Texas,* 24 F.3d 705 (5th Cir.1994), for the proposition that it is entitled to injunctive relief pending outcome of the trial. *TK's Video,* however, was a facial constitutional challenge in federal court. *TK's Video, Inc. v. Denton County, Texas,* 830 F.Supp. 335, 341 (E.D.Tex.1993). The appellate court held that the county was required to maintain the status quo while it reviewed the license application of a pre-existing adult business. *TK's Video, Inc. v. Denton County, Texas,* 24 F.3d at 708. In this case, the county order allows for maintenance of the status quo during the license application process.

Because the restaurant failed to meet its burden of proving that the order is unconstitutional and that it had a vested property interest that would be irreparably harmed, the court did not err in failing to enjoin the enforcement of the order.

For the reasons stated, we affirm the trial court's decision.

GRANT, J., concurs in the result only.