

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 13, 1996

The Honorable Don Henderson
Chair
Senate Jurisprudence Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. DM-399

Re: Whether chapter 43 and section 243.003 of the Local Government Code violate article I, section 19 of the Texas Constitution when municipal annexation causes territory to be subject to a municipal ordinance regulating sexually oriented businesses that is less restrictive than that imposed by the county prior to annexation (RQ-858)

Dear Senator Henderson:

You ask if section 43.056 of the Local Government Code is unconstitutional because it does not require a municipality to impose as restrictive an ordinance regulating sexually oriented businesses as that imposed by the county prior to annexation. A brief submitted with your request describes the following situation: The City of Houston (the "city") annexed certain territory pursuant to chapter 43 of the Local Government Code. The brief states that under a Harris County ordinance, sexually oriented businesses may not be located within 1,500 feet of schools, churches, child care facilities, hospitals, public buildings, and public parks. The brief also states that the city ordinance "prohibits the location of such businesses within 750 feet of any school, church, or licensed day care center, or within 1,000 feet of any other enterprise for which there is a permit, if 75% or more of the tracts within a circular area with a radius of 1,000 feet are residential in character. The City's ordinance contains no distance requirements between sexually oriented businesses and hospitals, public parks, or public buildings." The brief points out that under the county ordinance, a sexually oriented business could not be located within 1,500 feet of a public park, whereas under the city ordinance such a business could be located adjacent to a public park.

Section 243.003 of the Local Government Code provides that both municipalities and counties may adopt regulations regarding sexually oriented businesses. A regulation adopted by a municipality applies only inside the municipality's corporate limits, Local Gov't Code § 243.003(b), and a regulation adopted by a county applies only to the part of the county outside the corporate limits of a municipality, *id.* § 243.003(c).

Chapter 43 of the Local Government Code governs annexation. Section 43.056 of the Local Government Code, about which you inquire, requires a municipality proposing annexation to prepare a service plan, providing for the extension of full municipal services to the area to be annexed, prior to the publication of the notice of the first hearing on annexation. The services delineated in section 43.056 include police and fire protection, solid waste collection, and maintenance of water facilities, roads, streets, parks, playgrounds and swimming pools. Section 43.056 does not require a municipality to provide as restrictive an ordinance regulating sexually oriented businesses as that imposed by the county prior to annexation or even to address the effect of annexation on ordinances regulating sexually oriented businesses.

The brief submitted with your letter suggests that the fact that section 43.056 does not require a municipality to address the effect of annexation on ordinances regulating sexually oriented businesses renders that statute unconstitutional under article I, section 19 of the Texas Constitution. Again, the purpose of section 43.056 is to force a municipality that annexes territory to develop a plan regarding municipal services. It is not intended to force a municipality to consider any other consequences of annexation. We do not believe section 43.056 is constitutionally defective for failing to require municipalities to address issues beyond its scope. The import of your query is that chapter 43 and section 243.003 of the Local Government Code, *see supra*, violate article I, section 19 when they cause annexed territory to be subject to a municipal ordinance regulating sexually oriented businesses that is less restrictive than that imposed by the county prior to annexation. This is the question we address.

Article I, section 19 provides that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or *immunities, or in any manner disenfranchised, except by* the due course of the law of the land." In order to be entitled to due process under section 19, a person must first establish that a statute affects a vested right. As one court has noted, "Due process of a property right presupposes the existence of a protected right or interest. . . . Property interests are not determined by the Constitution. They are created and defined by state law."[1] The brief submitted with your query assumes that property owners have a vested right in the continued application of an ordinance governing land use. It is well established, however, that a property owner has no vested interest in the continued application of a municipal land use ordinance. "[P]roperty owners do not acquire a constitutionally protected vested right in property uses once commenced or in zoning classifications once made. Otherwise, a lawful exercise of the

---

[1]*Alamo Carriage v. City of San Antonio*, 768 S.W.2d 937, 940 (Tex. App.–San Antonio 1989, no writ) (citations omitted).

police power by the governing body of the City would be precluded."[2] This is equally true of county ordinances.[3]

In general, a party who wishes to challenge a zoning ordinance as a taking of his or her property "has the extraordinary burden of showing that the city unlawfully exercised its police power and that no facts or conditions exist in support of that exercise of the police power."[4] Here, the property owners object to the municipal ordinance not because it limits the use of their property but rather because of the uses it permits on others' property. We believe, however, that property owners who object to a municipal land use ordinance, which applies to territory as a result of annexation, on the basis of the uses it permits on others' property would have, at the very minimum, the same burden.[5] We do not believe that a court would conclude that a sexually oriented business ordinance's application to certain territory is an unlawful exercise of municipal police power merely because it applies as a result of annexation. This result is clearly contemplated by section 243.003 of the Local Government Code in providing that a regulation regarding sexually oriented businesses adopted by a county applies only to the part of the county outside the corporate limits of a municipality, Local Gov't Code § 243.003(c). Furthermore, although property in an annexed area was not part of the municipality at the time a particular land use ordinance was adopted, section 43.052 of the Local Government Code requires a municipality, prior to instituting annexation proceedings, to give notice and to conduct two public hearings. This section provides property owners who are concerned about the possible effects of annexation on the application of land use ordinances with an opportunity to be heard.

---

[2]*City of University Park v. Benners*, 485 S.W.2d 773, 778 (Tex. 1972); *see also MJR's Fare of Dallas v. City of Dallas*, 792 S.W.2d 569, 574 (Tex. App.--Dallas 1990, writ denied) (citing *Benners*, 485 S.W.2d 773, 778); *Stearman v. City of Farmers Branch*, 355 S.W.2d 541, 543 (Tex. Civ. App.--Dallas 1962, writ ref'd n.r.e.) (neighboring property owners objecting to special use permit had no vested interest in the continuity of zoning ordinance); *Ham v. Weaver*, 227 S.W.2d 286, 292 (Tex. Civ. App.--El Paso 1949), *rev'd on other grounds*, 232 S.W.2d 704 (Tex. 1950) ("No resident or owner of property acquires a vested interest under a zoning ordinance. . . . It seems right to consider the position of those who have built up and improved the zone in reliance upon a restrictive ordinance. Of course one improving his property in a zoned district acquires no vested right.").

[3]*Smith v. Copeland*, 787 S.W.2d 420, 422 (Tex. App.--San Antonio 1990, no writ) (citing *Benners*, 485 S.W.2d 773, 778) (property owners do not acquire constitutionally protected vested right in county zoning classification once made).

[4]*MJR's Fare of Dallas*, 792 S.W.2d at 574.

[5]*See, e.g., Stearman*, 355 S.W.2d at 543 (requiring residential property owners who objected to special permit granted to neighboring property owner to build medical center to make similar showing).

We conclude that chapter 43 and section 243.003 of the Local Government Code do not violate article I, section 19 of the Texas Constitution when municipal annexation causes territory to be subject to a municipal ordinance regulating sexually oriented businesses that is less restrictive than that imposed by the county prior to annexation.

## S U M M A R Y

Chapter 43 and section 243.003 of the Local Government Code do not violate article I, section 19 of the Texas Constitution when municipal annexation causes territory to be subject to a municipal ordinance regulating sexually oriented businesses that is less restrictive than that imposed by the county prior to annexation.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General