Brian D. REESE and Janan
Toma, Appellants,

v.

CITY OF HUNTER'S CREEK
VILLAGE, Appellee.

No. 01–02–00185–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 31, 2002.

Rehearing Overruled Feb. 14, 2003.

Daniel N. Lundeen, David B. Dickinson, Lundeen & Arismendi, L.L.P., Houston, for appellants.

John J. Hightower, Brian J. Begle, Olson & Olson, Houston, for appellee.

Panel consists of Justices TAFT, ALCALA, and PRICE.

## OPINION

FRANK C. PRICE,[1] Justice.

Appellants, Brian D. Reese and Janan Toma, received citations for violation of Municipal Ordinance No. 422 issued by the City of Hunters Creek Village ("City"), which requires bicycle riders to use bike paths and to refrain from using public streets where adjacent bike paths are provided. Appellants filed the present action, seeking a declaratory judgment on the unconstitutionality of the ordinance. Both parties filed cross-motions for summary judgment and responses to the opposing motions in the district court. Appellee, City, also subsequently filed a plea to the jurisdiction and moved to dismiss the suit for lack of subject matter jurisdiction. The district court granted City's motion to dismiss. Appellants filed this appeal, arguing that the district court erred by dismissing the suit for lack of subject matter jurisdiction and by refusing to grant their motion for summary judgment. We affirm.

## Background

City is a municipality in Harris County. In 1987, City enacted Ordinance 422, which requires bicyclists to use bike paths and sidewalks instead of public streets. The ordinance also authorized the city engineer to erect signs banning bicycles from the roadway. The ordinance provides that violators "shall be deemed guilty of a misdemeanor and upon conviction, shall be fined in an amount not to exceed $200.00." City of Hunter's Creek Village, Tex., Ordinance 422 (1987). Appellant Reese was issued a citation for riding his bike on a roadway in violation of this ordinance and for failing to identify himself to a police officer. Appellant Toma was issued a similar citation. Reese pleaded "no contest" to his citation, and Toma was convicted in the municipal court. On appeal for a new trial in the county criminal court, Toma was again convicted of violating the ordinance and was fined $100. Appellants challenged the ordinance in the district court of Harris County, seeking a declaratory judgment that the ordinance was unconstitutionally vague, arbitrary and capricious, and an unreasonable exercise of police power. Appellants filed a motion for summary judgment, to which appellee responded and countered with its own motion for summary judgment. Appellee, City, also later filed a plea to the jurisdiction and a motion to dismiss, which the court granted on grounds that it lacked subject matter jurisdiction.

## Discussion

■■■ Raising two points of error, appellants contend that (1) the trial court

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

erred in granting City's plea to the jurisdiction, and (2) the trial court erred by refusing to grant appellants' motion for summary judgment. Because we find appellants' first point dispositive, we do not reach the second.

■ A plea to the jurisdiction contests the trial court's authority to determine the subject matter of the cause of action. *Reyes v. City of Houston,* 4 S.W.3d 459, 461 (Tex. App–Houston [1st Dist.] 1999, pet. denied). Subject matter jurisdiction is essential to a court's authority to decide a case. *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 443 (Tex.1993). We review a trial court's disposition of a plea to the jurisdiction under a *de novo* standard of review. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998).

■ Appellants brought the present action seeking a declaratory judgment on the unconstitutionality of a criminal ordinance banning bicycles from public roadways in the City of Hunter's Creek Village. The meaning and validity of a penal statute or ordinance should ordinarily be determined by courts exercising criminal jurisdiction. *State v. Morales,* 869 S.W.2d 941, 945 (Tex.1994) (explaining the "narrow circumstances under which an equity court can construe a criminal statute"). Accordingly, civil courts do not have jurisdiction to address the validity of penal statutes except under limited circumstances. A civil court has jurisdiction to declare constitutionally invalid, and to enjoin the enforcement of, a criminal statute only when: (1) there is evidence that the statute at issue is unconstitutionally applied by a rule, policy, or other noncriminal means subject to a civil court's equity powers, and irreparable injury to property or personal rights is threatened, or (2) the enforcement of an unconstitutional statute

threatens irreparable injury to property rights. *Morales,* 869 S.W.2d at 942.

■ Here, appellants have failed to allege any threat of an irreparable injury to property or personal rights. Property rights are created and defined by state law. *Stratton v. Austin Indep. Sch. Dist.,* 8 S.W.3d 26 (Tex.App.-Austin, 1999, no pet.). A person's property interests include actual ownership of real estate, chattels, and money. *Id.* at 29. The dangers that purportedly arise as a result of appellants' being required to dismount their bicycles and cross to the other side of the street in areas where sidewalks appear on alternate sides of the roadway are not the sort of vested property interest that appellants may use to institute a *Morales*-type challenge. *See Morales,* 869 S.W.2d at 954 n. 8; *see also Dallas County Dist. Attorney v. Doe,* 969 S.W.2d 537, 541 (Tex.App.-Dallas, 1998, no pet.) (claimed right to engage in anonymous pamphleteering did not justify civil court interfering with ordinary enforcement of a criminal statute); *Hang On III, Inc. v. Gregg County,* 893 S.W.2d 724, 726 (Tex.App.-Texarkana, 1995, writ dism'd by agr.) (property owner did not have a vested property right in operating a sexually-oriented business).

Similarly, appellants did not present the district court with a showing of a possible threat to their personal rights justifying a constitutional attack on the ordinance in the civil courts. Appellants argue that the Texas Supreme Court extended equity jurisdiction to constitutional challenges involving the protection of personal rights in *Passel v. Ft. Worth Indep. School Dist.,* 440 S.W.2d 61 (Tex.1969). However, this interpretation of *Passel* has been severely limited by subsequent decisions of the Court. As the Court noted in *Morales:*

> We did not hold in *Passel* that a *personal* right can be uniformly substituted for a *property* right and that a civil court's equity jurisdiction over criminal statutes

was thereby expanded. Rather, in *Passel* we held that an injunction directed at the offending school district rule was potentially available as a remedy, and that the protection of personal rights would be a sufficient justification.

869 S.W.2d at 946 (emphasis in original). The *Morales* court noted further that, "In fact, the very year after *Passel* was decided, Justice Walker, its author, again noted for a unanimous court the general rule limiting an equity court's power to interfere with the enforcement of a criminal statute." *Id.* at 946 n. 11 (citing *Texas Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 894 (Tex.1970)).

When subject matter jurisdiction is lacking, dismissal is required. *Morales*, 869 S.W.2d at 949. Accordingly, we find that the trial court did not err in granting City's plea to the jurisdiction.

We affirm the judgment of the trial court.