Opinion issued January 4, 2007




 








 




In The

Court of Appeals

For The

First District of Texas






NO. 01-04-01224-CV






THE CITY OF LA MARQUE, Appellant


V.


TOYYA BRASKEY D/B/A THE MOMMA CAT, Appellee






On Appeal from the 212th District Court

Galveston County, Texas

Trial Court Cause No. 03CV0644






O P I N I O N

 Appellant, the City of LaMarque, appeals a judgment rendered on a jury verdict
in favor of appellee, Toyya Braskey d/b/a The Momma Cat. The trial court (1) issued
a judgment that declared that the City's Kennel Location Ordinance did not apply to
Braskey, (2) issued an injunction to prevent the City from enforcing the ordinance,
and (3) awarded Braskey attorney's fees of $27,500 for the trial, $10,000 for an
appeal to the court of appeals, and $15,000 for an appeal to the supreme court. On
appeal, the City asserts, in its first issue, that the trial court had no jurisdiction over
Braskey's suit. We agree that the trial court lacked jurisdiction over the applicability
of the ordinance to Braskey because jurisdiction is proper in the court where the
criminal charges against Braskey are pending. We vacate the trial court's judgment
and dismiss the cause for want of jurisdiction. (1)

Background

 Braskey has operated a state-licensed cat shelter, the Momma Cat, within the
City of LaMarque since October 2002. In May 2003, the City issued citations to
Braskey for violation of Ordinance No. 587, section 4-8 (the Kennel Location
Ordinance). The Kennel Location Ordinance prohibits maintaining a kennel within
500 feet of a dwelling, school, or church. The Momma Cat shelter, which housed as
many as 100 cats at a time, is located within 100 feet of three residences.

 While criminal charges were pending against Braskey in the municipal court, 
Braskey filed this lawsuit seeking a declaration and an injunction from the trial court. 
Braskey requested that the trial court declare that the Kennel Location Ordinance
does not apply to her because the ordinance pertains to kennels only, and the Momma
Cat is an "animal shelter" and not a "kennel." Further, by contending that
enforcement of the ordinance would cause her irreparable harm, Braskey sought an
injunction from the trial court that would order the City not to enforce the ordinance
against her. The irreparable harm claimed by Braskey was that enforcement of the
ordinance would cause her facility to be closed, the death of cats housed at the
Momma Cat, possible fines levied against her, her possible confinement, and her
expenditure of attorney's fees. Braskey's petition alleged that the Kennel Location
Ordinance was an "ex post facto application and constitutes unlawful taking of
property in violation of the due process cause [sic] of the U.S. Constitution."

The Kennel Location Ordinance

 The Kennel Location Ordinance states,

 It shall be unlawful for any person to maintain or construct a kennel as
defined in this section within 500 feet of a dwelling, school or church
with the following exceptions: 1. the owner or operator may locate
within the distance limitation, 2. distance limitation may be reduced to
100 feet when all residents and property owners within 500 feet sign a
verified statement waiving the 500 foot distance requirement. In no
event shall such kennel create a nuisance because of noise, smell or any
other reason. A kennel is defined as follows: any premises wherein any
person keeps, harbors, possesses, or maintains more than four (4) dogs
or four (4) cats or a combination of said animals within the total number
exceeding four (4) over three (3) months old, except a licensed
veterinarian clinic.


Trial Court's Jurisdiction

 In its first issue on appeal, the City contends that the trial court, and thus this
Court, lack jurisdiction. If a court lacks jurisdiction, the cause must be dismissed. 
Reese v. City of Hunter's Creek Village, 95 S.W.3d 389, 392 (Tex. App.--Houston
[1st Dist.] 2002, pet. denied). "The plaintiff has the burden to plead facts that
affirmatively show that the trial court has subject-matter jurisdiction." Channelview
Indep. Sch. Dist. v. A.R.C.I., Ltd., 199 S.W.3d 556, 558 (Tex. App.--Houston [1st
Dist.] 2006, no pet.) (citing Tex. Ass'n of Bus.v. Tex. Air Control Bd., 852 S.W.2d
440, 446 (Tex. 1993)). 

 Generally, the meaning and validity of a penal statute or ordinance should be
determined by a court exercising criminal jurisdiction. State v. Morales, 869 S.W.2d
941, 945 (Tex. 1994) (citing Passel v. Fort Worth Indep. Sch. Dist., 440 S.W.2d 61,
63 (Tex. 1969)). A court of equity does not have jurisdiction to enjoin the
enforcement of a penal ordinance or statute unless (1) it is unconstitutional and (2)
it threatens vested property rights with irreparable injury. Id. If a party fails to satisfy
both prongs of Morales, then a civil court lacks jurisdiction over the cause. See
Potter County Attorney's Office v. Stars & Stripes, Sweepstakes, L.L.C., 121 S.W.3d
460, 469 (Tex. App.--Amarillo 2003, no pet.); Warren v. Aldridge, 992 S.W.2d 689,
691 (Tex. App.--Houston[14th Dist.] 1999, no pet.). If questions of constitutionality
can be resolved in a criminal proceeding "and vested property rights are not in
jeopardy," then a court of equity should not intervene. Morales, 869 S.W.2d at 945
(citing Passel, 440 S.W.2d at 63). The lack of jurisdiction in this type of case is not
limited to suits seeking to enjoin enforcement, but also to suits seeking a declaratory
judgment regarding the constitutionality of a statute or ordinance. Id. at 947. 

 For the trial court to have jurisdiction here, Braskey must show that a vested
property right was threatened with irreparable harm. See Morales, 869 S.W.2d at
945. The City does not dispute that Braskey, as owner of the facility, has a property
right in the facility. See Reese, 95 S.W.3d at 391 (stating that property rights include
"actual ownership" of property). The issue here is not whether Braskey had a
property right in the facility, but rather whether her use of the facility, as a cat shelter,
was a vested property right.

 Property owners do not have a constitutionally protected vested right to use
real property in any certain way, without restriction. See City of Univ. Park v.
Benners, 485 S.W.2d 773, 778 (Tex. 1972) (holding "that property owners do not
acquire a constitutionally protected vested right in property uses once commenced or
in zoning classifications once made"); Weatherford v. City of San Marcos, 157
S.W.3d 473, 483 (Tex. App.--Austin 2004, pet. denied) (concluding property owner
"had no vested property right in any particular zoning classification"); Hang On III,
Inc. v. Gregg County, 893 S.W.2d 724, 726 (Tex. App.--Texarkana 1995, writ
dism'd by agr.) (holding that property owner did not have vested property right in
operating sexually-oriented business on that property). A right is "vested" when it
"has some definitive, rather than merely potential existence." Tex. S. Univ. v. State
Street Bank and Trust Co., No. 01-05-00758-CV, 2007 WL 79447, at *7 (Tex.
App.--Houston [1st Dist.] January 11, 2007, no pet. h.); see also Black's Law
Dictionary 1595 (8th ed. 2004) (defining "vested" as "[h]aving become a
completed, consummated right for present or future enjoyment; not contingent;
unconditional; absolute"). Braskey's use of her property as a facility for cats is not
a constitutionally protected vested right because it concerns only the way that her
property is used, which is not an absolute right. See Benners, 485 S.W.2d 778;
Weatherford, 157 S.W.3d at 483; Hang On, 893 S.W.2d at 726. Braskey's asserted
harms--the closing of her facility, the death of cats housed at the facility, possible
fines levied against her for operating the facility, her possible confinement for
operating the facility, and her expenditure of attorney's fees to pursue continued
operation of the facility--all concern the use of her property as a facility for cats,
which is not a constitutionally protected vested right. See Benners, 485 S.W.2d 778;
Weatherford, 157 S.W.3d at 483; Hang On, 893 S.W.2d at 726.

 We conclude that the ordinance's restrictions on the use of Braskey's property
as a cat shelter do not constitute threats to vested property rights. See Benners, 485
S.W.2d 778; Weatherford, 157 S.W.3d at 483; Hang On, 893 S.W.2d at 726. We
hold that the trial court did not have jurisdiction to hear this lawsuit and, thus, we do
not have jurisdiction over this appeal. See Morales, 869 S.W.2d at 945 (requiring
irreparable harm to vested property rights before civil court may enjoin enforcement
of criminal law); see also Channelview Indep. Sch. Dist., 199 S.W.3d at 558 (stating
plaintiff must affirmatively allege facts showing subject-matter jurisdiction); Tex.
Dep't of Transp. v. City of Sunset Valley, 92 S.W.3d 540, 549 (Tex. App.--Austin
2002) (holding that parties' failure to identify authority that right at issue was vested
property right precluded judicial review of agency action), rev'd on other grounds,
146 S.W.3d 637 (Tex. 2004). Therefore, the municipal court is the proper court to
hear Braskey's challenges to the ordinance. See Morales, 869 S.W.2d at 945 (quoting
Passel, 440 S.W.2d at 63) (stating that if no property rights are threatened, "[a]
person may continue his activities until he is arrested and then procure his release by
showing that the law is void"). Because Morales requires that a plaintiff meet both
prongs to establish jurisdiction and we have determined that Braskey has not met the
second prong, we do not reach the first prong that concerns the constitutionality of
the ordinance. See id.

 We sustain the City's first issue.




Conclusion

 We vacate the judgment of the trial court and dismiss this cause for want of
jurisdiction.



 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.

1. Because we conclude that we lack jurisdiction over this case, we do not reach the
City's appellate issues numbered two through five that assert that the trial court erred
(1) by declaring that the ordinance in question does not apply to Braskey, (2) by
declaring that Braskey's facility was not a nuisance, and (3) by awarding post-judgment interest and attorney's fees.