**Vacated and Dismissed and Memorandum Opinion filed June 24, 2021.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-20-00002-CV

_____

## MICHAEL ATKINSON, Appellant

## V.

## TDCJ PAROLE DIVISION, Appellee

**On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2019-85829**

## MEMORANDUM OPINION

The threshold question in this appeal is whether the pro se plaintiff, Michael Atkinson, chose the correct court and legal vehicle for challenging a condition of his mandatory supervision. Concluding that he did not, we vacate the civil district court's order denying habeas and injunctive relief, and we dismiss the case for want of jurisdiction.

## BACKGROUND

Atkinson pleaded guilty in the 458th Judicial District Court of Fort Bend County to a single count of possession of child pornography. In exchange for that guilty plea, he received a negotiated sentence of four years' imprisonment.

Less than one year into his term of imprisonment, Atkinson was released on mandatory supervision. As part of his release, Atkinson agreed to abide by certain conditions imposed by the Texas Board of Pardons and Paroles, and one of those conditions was that he would participate in the Sex Offender Treatment Program. Under that program, Atkinson faced the potential of submitting to a polygraph examination.

During the period of his mandatory supervision, Atkinson filed a pro se civil case in the 333rd Judicial District Court of Harris County. His sole pleading in that civil case was styled "Emergency Writ of Habeas Corpus for Injunction," and it sought to enjoin the Parole Division of the Texas Department of Criminal Justice (the "State") from administering an "instant offense" polygraph. Atkinson alleged that this sort of polygraph violated his constitutional rights, that it served no rehabilitative purpose, and that the State should only be allowed to administer a "maintenance" polygraph to verify that he was adhering to his parole guidelines. In addition to seeking habeas and injunctive relief, Atkinson also requested a temporary restraining order, which an ancillary judge granted ex parte.

The State responded with a plea to the jurisdiction. The State argued that Atkinson was challenging his confinement, and that the proper vehicle for such a challenge was an application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. Because that article requires the application to be assigned to the convicting court and made returnable to the Texas Court of

Criminal Appeals, the State further argued that the civil district court had no jurisdiction to rule on Atkinson's requested relief.

The civil district court conducted a live hearing, where both parties were present. The hearing was not transcribed, and afterwards, the civil district court signed a written order denying the State's plea, vacating the temporary restraining order, and denying all of Atkinson's requested relief. Atkinson now appeals from this written order.

## ANALYSIS

Atkinson has filed a pro se brief, complaining of the civil district court's ruling on the merits. The State has also filed a brief, arguing that the civil district court erred by denying the plea to the jurisdiction, or alternatively, that it made the correct ruling on the merits. Because we are duty-bound to determine questions of jurisdiction, we begin by addressing the State's argument that the civil district court should have dismissed the case from the outset. *See In re City of Dallas*, 501 S.W.3d 71, 73 (Tex. 2016) (orig. proceeding) (per curiam).

In its written order, the civil district court gave the following explanation for denying the State's plea: "Because [Atkinson] does not challenge his conviction or the constitutionality of a criminal statute, jurisdiction of this matter is not controlled by Tex. Code Crim. Proc. Art. 11.07, and does not lie exclusively in criminal court. *See Passel v. Fort Worth I.S.D.*, 440 S.W.2d 61 (Tex. 1969)." This explanation is incorrect.

*Passel* recognizes that a civil court may enjoin an unconstitutional criminal statute if no prosecution has been threatened yet and the plaintiff has no other way to challenge the statute except by an administrative or civil action. *Id.* at 64. That rule does not apply here because Atkinson has already been prosecuted. *See also*

3

*Reese v. City of Hunter's Creek Village*, 95 S.W.3d 389, 391–92 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (noting that *Passel* has been limited by subsequent decisions). Furthermore, Atkinson is not challenging a criminal statute, but rather a condition of his mandatory supervision, and Article 11.07 provides a vehicle for that challenge.

Under Article 11.07, a person may obtain habeas relief from a final felony conviction by challenging either the fact or length of his confinement. *See Ex parte Harrington*, 310 S.W.3d 452, 456 (Tex. Crim. App. 2010). "Confinement means confinement for any offense or any collateral consequence resulting from the conviction that is the basis of the instant habeas corpus." Tex. Code Crim. Proc. art. 11.07, § 3(c).

Though Atkinson has been released from imprisonment, he is still "confined" by the conditions of his mandatory supervision and by the collateral consequences of his final conviction. *See Ex parte Fulce*, 993 S.W.2d 660, 661 n.1 (Tex. Crim. App. 1999); *see also* Tex. Gov't Code § 508.147(b) ("An inmate released to mandatory supervision is considered to be released on parole."); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding) (per curiam) ("Parole is a form of restraint which allows an applicant to pursue the remedies afforded under Article 11.07, V.A.C.C.P."). Atkinson has also challenged that confinement by arguing that the administration of an "instant offense" polygraph would amount to a violation of his constitutional rights.

The exclusive vehicle for raising this challenge is an application for writ of habeas corpus under Article 11.07. *See* Tex. Code Crim. Proc. art. 11.07, § 5 ("After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner.").

4

And as the State argued in its plea to the jurisdiction, that application must have been assigned to the convicting criminal court and made returnable to the Texas Court of Criminal Appeals. *See* Tex. Code Crim. Proc. art. 11.07, § 3(a)–(b). Because Atkinson filed his case in the civil district court instead, we conclude that the civil district court had no jurisdiction and that it should have granted the State's plea to the jurisdiction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (holding that the court of appeals had no jurisdiction to rule on an original mandamus petition when an adequate remedy was available through Article 11.07).

In light of this conclusion, we need not reach the merits of Atkinson's appeal.

## CONCLUSION

The civil district court's order denying habeas and injunctive relief is vacated, and the case is dismissed for want of jurisdiction.


/s/ Tracy Christopher
   Chief Justice


Panel consists of Chief Justice Christopher and Justices Wise and Hassan.

5