Dan D. WARREN and Imran
Wasiq, Appellants,

v.

Jerome ALDRIDGE, District Attorney
and Joe King, Sheriff, Appellees.

No. 14–98–1175–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 6, 1999.
Rehearing Overruled June 24, 1999.

George M. Karam, Woodlands, for appellants.

Hery W. Prejean, Jr., Donald S. Stephens, Angleton, for appellees.

Panel consists of Justices YATES, FOWLER and DRAUGHN.[1]

## O P I N I O N

### LESLIE BROCK YATES, Justice.

Appellants, Dan D. Warren and Imran Wasiq, appeal the trial court's denial of their temporary injunction. Appellant, Wasiq, owns a Chevron gas station and convenience store in Brazoria County, in which he operates six "eight liner" amusement machines leased from appellant, Dan D. Warren. In July 1998, believing the machines to be illegal gambling devices, Brazoria County law enforcement ordered Wasiq to remove the machines or risk their forfeiture. Appellants brought suit seeking (1) a declaration that their amusement machines conformed with the requirements of TEX. PEN.CODE ANN. § 47.01(4)(B) (Vernon Supp.1999) and that possession and operation of them was lawful; and (2) injunctive relief to prevent criminal prosecution and forfeiture. The trial court denied appellants' request for a temporary injunction because it believed appellants did not have a probable right of recovery on final trial. In four points of error, appellants contend that the trial court abused its discretion in denying their request for a temporary injunction. We reverse the order denying the temporary injunction and remand the cause with instructions to dismiss for want of jurisdiction.

---

1. Senior Justice Joe L. Draughn sitting by

## STANDARD OF REVIEW

 The purpose of a temporary injunction is to preserve the status quo until a final hearing on the merits. *See Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978). A party is entitled to such protection when it demonstrates a probable injury and a probable right of recovery. *See Walling v. Metcalfe,* 863 S.W.2d 56, 57 (Tex.1993). A probable right of recovery is proven by alleging a cause of action and presenting evidence that tends to sustain it. *See id.* at 58. Probable injury is proven through evidence of imminent harm, irreparable injury, and the lack of an adequate legal remedy. *See id.*

 The decision to grant or deny a temporary injunction lies in the sound discretion of the trial court, and the court's grant or denial is subject to reversal only for a clear abuse of that discretion. *See id.* The trial court abuses its discretion when it acts arbitrarily and unreasonably, without reference to guiding rules or principles, or misapplies the law to the established facts. *See Bertotti v. C.E. Shepherd Co.,* 752 S.W.2d 648, 651 (Tex.App.—Houston [14th Dist.] 1988, no writ).

## SECTION 47.01, PENAL CODE

The law prohibits the ownership, manufacture or possession of a machine designed for gambling purposes. *See* TEX. PEN.CODE ANN. § 47.06(a) (Vernon 1994). This prohibition extends to any electronic, electromechanical, or mechanical contrivance that for consideration affords the player an opportunity to obtain anything of value, the award of which is determined solely or partially by chance. *See* TEX. PEN.CODE ANN. § 47.01(4) (Vernon Supp. 1999). However, the law excludes from this definition any electronic, electromechanical, or mechanical contrivance designed, made, and adapted solely for bona fide amusement purposes if the contrivance rewards the player exclusively with

---

assignment.

noncash merchandise. *See* *id.* § 47.01(4)(B).

Appellants claim that appellees cannot enforce against them a penal law prohibiting gambling, section 47.01, *et seq.*, since their "eight liner" machines fall within an exception to that law, section 47.01(4)(B). Thus, appellants filed suit to obtain a declaration affirming their argument and an injunction prohibiting appellees from pursuing a criminal prosecution. However, before a civil court may construe a penal statute and enjoin its enforcement, the complainant must both attack the constitutionality of the provision and aver that its enforcement would irreparably injure vested property rights. *See State v. Morales,* 869 S.W.2d 941, 945 (Tex.1994). If one or the other is not satisfied, then the trial court has no jurisdiction to enjoin the proceeding. *See id.* Appellants did not challenge the constitutionality of section 47.01, *et seq.;* rather they sought an interpretation of the statute and a declaration that use of "eight liner" machines does not constitute criminal activity thereunder. Thus, one of the two *Morales* elements has not been satisfied, and we must hold the trial court had no jurisdiction to render a declaratory judgment or to enjoin the enforcement of the penal statute.

When an equity court lacks jurisdiction, it must dismiss, rather than deny, the injunction. Accordingly, we reverse the order denying the temporary injunction and remand the cause to the trial court with instructions to dismiss for want of jurisdiction.