**POTTER COUNTY ATTORNEY'S OFFICE; Sonya Letson, Potter County District Attorney; Amarillo Police Department; and Jerry Neal, Amarillo Chief of Police, Appellants,**

v.

**STARS & STRIPES SWEEPSTAKES, L.L.C., Appellee.**

No. 07–02–0519–CV.

Court of Appeals of Texas, Amarillo.

Sept. 12, 2003.

Kyle G. Thomas, C. Scott Brumley, Asst. County Attys., Amarillo, for Appellants.

Roland Gutierrez, San Antonio, for Appellee.

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

## OPINION

JAMES T. CAMPBELL, Justice.

This is an interlocutory appeal from the trial court's denial of pleas to its jurisdiction. Appellee Stars & Stripes Sweepstakes, L.L.C., brought suit in the 320th District Court of Potter County against the Potter County Attorney's Office, Sonya Letson, Potter County District [sic] Attorney, the Amarillo Police Department, and Jerry Neal, Amarillo Chief of Police, seeking release of 124 electronic amusement machines, known as eight-liners.

Appellee is the owner of the machines and leased them to Sunrise Entertainment, which maintained a place of business in Amarillo, Potter County. Amarillo police officers seized the machines and other items alleged to be gambling paraphernalia while executing a search warrant at Sunrise Entertainment on May 16, 2002. The search warrant was issued by the Hon. John B. Board, judge of the 181st District Court of Potter County.

Appellee filed the instant suit on July 26, 2002. On July 31, 2002, 15 felony indictments were handed down in the 181st District Court against five individuals associated with Sunrise Entertainment. On August 16, 2002, misdemeanor charges were filed in County Court at Law No. 1 of Potter County against two others associated with the business.[1] The seized eight-liners are being held by the Amarillo Police Department.

The Potter County Attorney's Office and Sonya Letson (Potter County) filed a plea to the jurisdiction requesting the 320th District Court to dismiss the suit against them for want of subject matter jurisdiction. The City of Amarillo (City), responding for Amarillo Police Department and Jerry Neal as Amarillo Chief of Police, filed a motion to dismiss for lack of jurisdiction, also challenging the court's subject matter jurisdiction. After a hearing, the trial court denied both challenges to the jurisdiction. Finding merit in appellants'

---

1. The indictments allege felony charges of engaging in organized criminal activity consisting of gambling promotion, possession of gambling devices, and keeping a gambling place. One additional indictment was sealed. The misdemeanor charges are keeping a gambling place, gambling promotion, and possession of a gambling device.

interlocutory appeal, we will reverse the trial court's rulings.

## APPELLATE JURISDICTION OVER INTERLOCUTORY APPEAL

 We first consider our own jurisdiction over this interlocutory appeal. Generally, a Texas appellate court has jurisdiction to hear an appeal only if it is from a final judgment. *Kaplan v. Tiffany Dev. Corp.*, 69 S.W.3d 212, 217 (Tex.App.-Corpus Christi 2001, no pet.). Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex.1998). We strictly construe statutes giving us jurisdiction over interlocutory appeals. *America Online, Inc. v. Williams*, 958 S.W.2d 268, 271 (Tex. App.-Houston [14th Dist.] 1997, no writ). Here, appellants are relying on section 51.014(a)(8) of the Civil Practice and Remedies Code in appealing the court's orders. This section provides that an order granting or denying a plea to the jurisdiction by a governmental unit, as that term is defined by section 101.001, may be challenged immediately by appeal. Tex. Civ. Prac. & Rem.Code Ann. §§ 51.014(a)(8), 101.001 (Vernon Supp.2003).

The term, "governmental unit" means "the state [of Texas] ...," "a political subdivision of this state, including any city, county, ..." and "any other institution, agency, or organ of government the status

and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution." Tex. Civ. Prac. & Rem.Code Ann. § 101.001(3)(A), (B), (D). Appellee's live pleading names as defendants "Potter County Attorney's [O]ffice ... an agency of the State of Texas ... Sonya Letson, Potter County [A]ttorney ... an agent of the State of Texas ... Amarillo Police Department ..." and "Jerry Neal, Chief of Police of the Amarillo Police Department." We must determine if appellants are "governmental units" as defined by section 101.001.

 This court, pointing to the doctrine that a suit against a governmental official in his or her official capacity alone is essentially a suit against the governmental entity, has held that such suits may properly be the subject of interlocutory appeals under section 51.014(a)(8) as suits against governmental units. *Ware v. Miller*, 82 S.W.3d 795, 800 (Tex.App.-Amarillo 2002, pet. denied); *Friona Indep. Sch. Dist. v. King*, 15 S.W.3d 653, 657 n. 3 (Tex.App.-Amarillo 2000, no pet.).[2] Although appellee's petition does not specifically state whether the suit is brought against Letson and Neal in their individual or official capacities, it does identify Letson as "an agent of the State of Texas" and Neal as "Chief of Police of the Amarillo Police Department." Looking to the substance of the pleadings, the relief appellee seeks

---

**2.** *But see Castleberry Indep. Sch. Dist. v. Doe*, 35 S.W.3d 777, 779–80 (Tex.App.-Fort Worth 2001 pet. dism'd w.o.j.) (interlocutory appeal not permitted by two employees, but no information is provided as to whether they were sued in an individual or official capacity); *University of Houston v. Elthon*, 9 S.W.3d 351, 354 (Tex.App.-Houston [14th Dist.] 1999, pet. dism'd w.o.j.) (interlocutory appeal not permitted by Dean of College and another *individual*, whose employment status was not identified, but no indication is given as to

whether they were sued in an individual or official capacity); *Johnson v. Resendez*, 993 S.W.2d 723, 728 (Tex.App.-Dallas 1999), appeal dismissed, 52 S.W.3d 689 (Tex.2001) (interlocutory appeal not permitted by two employees sued in both individual and official capacities); *Dallas County Cmty. Coll. Dist. v. Bolton*, 990 S.W.2d 465, 467 (Tex.App.-Dallas 1999, no pet.) (interlocutory appeal not permitted by trustees sued only in their official capacities).

is narrowly described. Appellee does not seek personal damages against Letson or Neal, but asks that they be required to take action in their official capacities. We find, therefore, that appellee's claims are not personal in nature, and that Letson and Neal are sued in their official capacities.

A county is specifically listed as a "governmental unit" in section 101.001(3)(B) of the Civil Practice and Remedies Code. In addition, the Office of County Attorney is created by the Texas Constitution, and therefore would also be considered a governmental unit under section 101.001(3)(D). Tex. Const. art. V, § 21. Consequently, Letson in her capacity as County Attorney and the Office of County Attorney are entitled to appeal the district court's order denying their plea to the jurisdiction. Civ. Prac. & Rem.Code § 51.014(a)(8).

A city in Texas is considered a political subdivision of the state and as such is a governmental unit. § 101.001(3)(B). Appellee does not challenge the City's contentions that the Amarillo Police Department is not a body separate from the City, and that appellee's suit against the police department is thus against the City. We also have jurisdiction to consider the interlocutory appeal of Neal and the City.

## PLEA TO JURISDICTION

■ A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *See Dolenz v. Texas State Bd. of Med. Exam'rs,* 899 S.W.2d 809, 811 (Tex.App.-Austin 1995), aff'd, 981 S.W.2d 487 (Tex. App.-Austin 1998). A petition must allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). When considering an interlocutory appeal

from a denial of a plea to the jurisdiction, we are not required to look solely to the pleadings, but may consider evidence relevant to the jurisdictional issues raised. *Texas Dept. of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex.2001). We construe the pleadings liberally in the plaintiff's favor. *Texas Dept. of Transp. v. Ramirez,* 74 S.W.3d 864, 867 (Tex.2002); *Texas Ass'n of Bus.,* 852 S.W.2d at 446. Because the question of subject matter jurisdiction is a legal question, we review the trial court's order denying appellants' pleas to the jurisdiction under a de novo standard of review. *Texas Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002).

■ An initial cause of difficulty in this case is that appellee has not been consistent in describing the relief it seeks in its suit against appellants. Appellee's first amended pleading in the trial court, entitled Plaintiff's First Amended Petition for Return of Illegally Seized Property and Motion to Show Cause Subject to Article 18.18(b) of the Texas Code of Criminal Procedure, alleges that the seized machines are not gambling devices under the definition in section 47.01, Penal Code, and prays the machines be "released to the custody of" appellee and the trial court order the defendants to appear and show cause why the machines should not be "turned over" to appellee. During the hearing on the pleas to the jurisdiction, appellee asserted that it sought only to be notified of any forfeiture proceedings, and disclaimed seeking injunctive relief. In its brief to this court, appellee again states that it is not seeking injunctive relief against any of the defendants, but seeks a hearing pursuant to Article 18.18(b) of the Code of Criminal Procedure and to require appellants to provide notice to it of the hearing. Appellee's pleadings, however, must be judged by their substance, as

determined by what effect they will have on the proceeding, if granted by the trial court. *Austin Neighborhoods Council, Inc. v. Board of Adjustment,* 644 S.W.2d 560, 565 (Tex.App.-Austin 1982, writ ref'd n.r.e.); *Bryan v. General Elec. Credit Corp.,* 553 S.W.2d 415, 418 (Tex.Civ.App.-Houston [1st Dist.] 1977, no writ). The title of the pleading does not determine its nature. *Surgitek, Bristol–Myers Corp. v. Abel,* 997 S.W.2d 598, 601 (Tex.1999); *Ware,* 82 S.W.3d at 799.

Appellants have asserted special exceptions not yet addressed by the trial court, one of which objects that appellee does not expressly identify the machines it owns as those seized under the search warrant. We note also that appellee has not pled that it is entitled to possession of the machines. For purposes of our review of the pleas to jurisdiction,[3] though, we consider that appellee's petition, construed liberally in its favor, asserts ownership of the 124 seized machines and seeks to obtain possession of them against their possible forfeiture or destruction under the forfeiture statutes.

## ISSUES

Potter County presents two issues, arguing that the trial court lacks subject matter jurisdiction over appellee's suit (1) because its claim for return of the machines is not ripe nor does appellee have standing to assert the claim under article 18.18(b) of the Code of Criminal Procedure; and (2) because appellee's claim amounts to an impermissible effort to enjoin enforcement of criminal statutes, in contravention of *State v. Morales,* 869 S.W.2d 941 (Tex.1994), and following cases. The City presents four issues, first also asserting that appellee's suit cannot stand

under *Morales,* and, in three additional issues, that appellee's claim is invalid under article 18.18, that appellee wholly fails to state a cognizable claim against the City, and that the City is protected from appellee's suit by sovereign immunity.

## RIPENESS AND STANDING

We first consider Potter County's contention that appellee's claims are not ripe for adjudication and the related contention that appellee lacks standing to assert its claims. Potter County points out that appellee's suit is founded on article 18.18(b) of the Code of Criminal Procedure, which provides for an adjudication of whether seized property is subject to forfeiture only in instances in which there is no prosecution or conviction following seizure. Since it is not possible to know whether article 18.18(b) has application to appellee's eight-liner machines until the criminal proceedings are concluded, the County argues, appellee's attempt to litigate issues related to the forfeiture of the machines is premature and therefore unripe. The County also points to the absence of any provision in article 18.18(b) for an entity such as appellee to initiate a proceeding under that article, and concludes that appellee's suit must fail because of its lack of standing.

 Ripeness is an element of justiciability, rooted in the prohibition of advisory opinions by the judiciary. *Patterson v. Planned Parenthood of Houston & S.E. Tex., Inc.,* 971 S.W.2d 439, 442 (Tex.1998); *see Perry v. Del Rio,* 66 S.W.3d 239, 249–52 (Tex.2001). The ripeness issue "asks whether the facts have developed sufficiently so that an injury has occurred or is likely to occur, rather than being contin-

---

**3.** And without presuming on any ruling the trial court may later make on appellants' spe-

cial exceptions.

gent or remote." *Patterson,* 971 S.W.2d at 442. It seeks to avoid premature adjudication, focusing on whether the case involves "uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *Perry,* 66 S.W.3d at 250; *Patterson,* 971 S.W.2d at 442 (quoting 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3532, at 112 (2d ed.1984)). The U.S. Supreme Court has characterized ripeness as "peculiarly a question of timing." *Regional Rail Reorganization Act Cases,* 419 U.S. 102, 140, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974) (quoted in *Perry,* 66 S.W.3d at 249). Courts lack jurisdiction to render opinions in controversies that are unripe, premature. *See Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998).

■ We cannot agree that appellee's claims are unripe for adjudication. The existence or nature of appellee's claims is not dependent on uncertain future events; under its pleadings and the evidence before us, its eight-liner machines have been seized and are being held under a search warrant. Appellee's pleadings seek to protect its interests in its property by obtaining possession of it. Granted, under chapter 18 of the Code of Criminal Procedure, appellee's entitlement to possession may depend on the adjudication of issues such as whether the eight-liners are gambling devices. And, granted, those matters are also at issue in the criminal cases pending in other courts.[4] These circumstances may raise issues concerning the prior right of other courts in which related matters are pending, some of which we address later in this opinion and some of which

may be addressed by pleas in abatement which the trial court has not yet heard and which are not before us. But these circumstances do not, in our view, raise a question of ripeness.

■ Standing also is a component of subject matter jurisdiction. *Tex. Ass'n of Bus.,* 852 S.W.2d at 444–46. The standing issue relates to the question of who may bring an action. *Patterson,* 971 S.W.2d at 442. The general test for standing in Texas is stated to require that there be a real controversy between the parties that will be actually determined by the judicial declaration sought. *Tex. Ass'n of Bus.,* 852 S.W.2d at 446. Standing requires a personal stake in the controversy. *In Interest of B.I.V.,* 923 S.W.2d 573, 574 (Tex.1996); *Hunt v. Bass,* 664 S.W.2d 323, 324 (Tex.1984).

■ The County's standing argument focuses on appellee's invocation of article 18.18(b) of the Code of Criminal Procedure, and argues that appellee's suit therefore should be treated as one asserting a statutory cause of action, one created by statute. The County points out that a proceeding under that article is, by its terms, initiated only by a magistrate or a law enforcement agency and refers us to cases holding that statutory causes of action are strictly construed. Tex.Crim. Proc.Code Ann. § 18.18(b) (Vernon Supp. 2003). Again, though, construing the allegations in appellee's petition in its favor, as we must in this interlocutory appeal, we do not perceive such a barrier to appellee's standing to attempt protection of its rights in its eight-liners. Appellee meets the general test for standing.

---

4. In addition to the pending criminal cases, it would appear that a civil forfeiture proceeding under chapter 18 of the Code of Criminal Procedure is pending. In its recent opinion in *Hardy v. State,* 102 S.W.3d 123 (Tex.2003), the supreme court stated that a forfeiture proceeding begins when the State presents to a magistrate an affidavit seeking a search warrant. Id. at 127.

Moreover, the County's standing argument based on the requirements for initiation of a forfeiture proceeding under chapter 18 may well have been rendered moot. As noted earlier in this opinion, under the supreme court's recent opinion in *Hardy v. State,* such a proceeding was initiated when Judge Board received the affidavit and issued the search warrant by which appellee's machines were seized. 102 S.W.3d at 127. We overrule Potter County's first issue.

## INTERFERENCE WITH CRIMINAL PROCEEDINGS

■■■ We turn to the issue common to Potter County and the City, in which they argue that appellee's suit implicates the rule discussed in *Morales* that a court exercising civil jurisdiction will not interfere with the "ordinary enforcement" of a penal statute unless the statute is unconstitutional and its enforcement will cause irreparable injury to vested property rights. *Morales,* 869 S.W.2d at 945, *citing Passel v. Fort Worth Indep. Sch. Dist.,* 440 S.W.2d 61, 63 (Tex.1969). This court has stated that a civil court has jurisdiction to construe a penal statute and enjoin its enforcement only if the complainant both attacks the constitutionality of the statute and asserts that its enforcement would irreparably injure vested property rights. *Letson v. Barnes,* 979 S.W.2d 414, 418 (Tex.App.-Amarillo 1998, pet. denied); *see Texas Liquor Control Bd. v. Canyon Creek Land Corp.,* 456 S.W.2d 891, 894 (Tex. 1970). If either assertion is absent from the complainant's case, then the trial court has no jurisdiction to enjoin the proceeding. *Morales,* 869 S.W.2d at 945. The

underlying reason for this rule is that the meaning and validity of a penal statute should ordinarily be determined by courts exercising criminal jurisdiction. *Passel,* 440 S.W.2d at 63.

The rule has been applied, by this court and others, in cases in which litigants have sought injunctive relief with respect to the seizure, or threatened seizure, of property pursuant to search warrant. In *Letson,* this court held that a trial court lacked jurisdiction to issue a temporary injunction prohibiting law enforcement officials from pursuing allegedly improper interpretations of gambling statutes by "seizing, confiscating, forfeiting, or initiating forfeiture proceedings against" the plaintiffs' eight-liner machines. 979 S.W.2d at 416, 418.

In *In re Cornyn,* a district court issued a temporary restraining order with respect to computers, documents and cash seized pursuant to search warrants issued by other district courts. 27 S.W.3d 327 (Tex. App.-Houston [1st Dist.] 2000, no pet.). The restraining order prohibited the further search or examination of the seized items and required their return within two days, allowing investigators first to download or copy information. The court of appeals, analogizing to the holdings of *Morales, Texas Liquor Control Bd.* and *Letson* with other cases, gave the restraining order's interference with the investigation of crime and the enforcement of penal laws as one of its reasons for finding it void. *In re Cornyn,* 27 S.W.3d at 337.[5]

Similarly, the El Paso Court of Appeals applied a *Morales* analysis to reverse a district court's denial of the State's plea to its jurisdiction in a suit challenging the

---

**5.** In a later appeal in the same case, and based on the reasons stated in its earlier opinion, the court reversed the trial court's denial of a plea to its jurisdiction asserted by the State to the extent that the plaintiffs sought the return of property seized pursuant to the search warrants. *Cornyn v. Monetizeme-dia.com, Inc.,* No. 01–00–00887–CV, 2000 WL 1476602 (Tex.App.-Houston [1st Dist.] Oct. 5, 2000, no pet.) (not designated for publication), 2000 Tex.App. LEXIS 6677.

seizure of eight-liners and seeking an injunction restoring possession of them to the plaintiffs. *Cornyn v. Akin,* 50 S.W.3d 735 (Tex.App.-El Paso 2001, no pet.).

In *Sterling v. San Antonio Police Dept.,* the San Antonio Court of Appeals recently considered the appeal of a district court's grant of a plea to its jurisdiction in a suit seeking a temporary restraining order and injunction brought following the seizure of eight-liners, cash, computers and office equipment. 94 S.W.3d 790 (Tex.App.-San Antonio 2002, no pet.) Finding that Sterling had not satisfied either element of the test under *Morales,* the court affirmed the trial court.

■ Appellee tries to distinguish *In re Cornyn, Cornyn v. Akin* and *Sterling* by pointing out that its pleadings do not seek injunctive relief. Appellee's argument is not persuasive. To begin with, as we have noted, appellee's pleadings do not match the description it gives of them. Its pleadings ask that the eight-liners be released to its custody and that the court order the defendants to show cause why the machines should not be "turned over" to appellee. As also noted, the nature of appellee's pleadings is determined by the effect they will have on the proceeding, if granted by the trial court. *Austin Neighborhoods Council, Inc.,* 644 S.W.2d at 565. If the trial court granted the relief sought by appellee's pleadings, it would order that eight-liners, seized and held under a search warrant issued by another district court in which criminal proceedings arising from the seizure are pending, be delivered to appellee. Although its pleadings do not mention an injunction, the relief for which appellee prays may well be characterized as injunctive. *Cf. Del Valle Indep. Sch. Dist. v. Lopez,* 845 S.W.2d 808, 809 (Tex. 1992). A request that a court order a party to take a designated action is in essence a request for injunctive relief.

*Swanson v. Community State Bank,* 12 S.W.3d 163, 165 (Tex.App.-Houston [1st Dist.] 2000, no writ); *North Side Bank v. Wachendorfer,* 585 S.W.2d 789, 793 (Tex. Civ.App.-Houston [1st Dist.] 1979, no pet.). Moreover, in the context of this action seeking custody of items seized pursuant to a search warrant, any difference in the relief appellee's pleadings seek and the relief sought in *Sterling, Cornyn v. Akin* and *In re Cornyn* is one of nomenclature and not substance. We find the holdings of those cases to be applicable here. *See Sterling,* 94 S.W.3d at 795; *Cornyn v. Akin,* 50 S.W.3d at 738; *In re Cornyn,* 27 S.W.3d at 338.

■ Appellee's suit as currently pled manifestly does not meet either of the requirements discussed in *Morales.* Appellee's live pleading contains a paragraph entitled "due process," which contains the allegation "This illegal action by the [d]efendants has resulted in depriving the [p]laintiff of its due process right to be heard and make demand of its property." The pleading contains no allegation, statement or claim, though, that any statute at issue is unconstitutional. Appellee's brief in this court also makes clear that it is not asserting the unconstitutionality of any statute. And, although appellee's pleading certainly complains about the seizure of its machines, it does not contain any allegation of irreparable injury to property rights.

Appellee's argument that article 18.18(b) provides express authority for its initiation of this proceeding is premised on the notion that article 18.18(a) can have no application to its machines because appellee has not been charged with a crime. The language of articles 18.18(a) and 18.18(b) does not support appellee's premise. Tex.Code Crim. Proc. Ann. art. 18.18(a) and (b). Article 18.18(a) applies following the final conviction of "a person" for possession of a

gambling device. Tex.Code Crim. Proc. Ann. art. 18.18(a). The statute contains no requirement that the person convicted be the owner of the device. Article 18.18(a); see *F & H Investments Inc. v. State,* 55 S.W.3d 663, 667 (Tex.App.-Waco 2001, no pet.). Article 18.18(b) applies "if there is no prosecution or conviction following seizure[.]" Tex.Code Crim. Proc. Ann. art. 18.18(b). The statute contains no limitation regarding the identity of the persons not prosecuted or convicted. Nor do any of the cases appellee cites support its premise. Appellee relies on *F & H Investments, 55 S.W.3d 663; Gambling Paraphernalia, Devices, Equipment and Proceeds v. State,* 22 S.W.3d 625 (Tex.App.-Dallas 2000, no pet.); and *Fleming v. State,* 704 S.W.2d 530 (Tex.App.-Houston [14th Dist.] 1986, pet. ref'd). Those cases affirm that a forfeiture proceeding under article 18.18(b) is a civil proceeding, subject to the rules of civil procedure. But appellants do not dispute that proposition, and the cases do not hold that any forfeiture proceeding must be conducted under article 18.18(b) unless the person claiming an interest in the property has been prosecuted.

Appellee argues that the court in *Gambling Paraphernalia* "allowed the property owner to bring forth a forfeiture before any such action was initiated by the [S]tate." That case involved the authority of a criminal court magistrate under section 54.306 of the Government Code. Tex. Gov't Code Ann. § 54.306 (Vernon Supp. 2003). As a part of its recitation of the procedural background of the case, the court does note that the owner of the seized property filed a motion seeking return of the property pursuant to article 18.18(f) of the Code of Criminal Procedure before the State filed a motion for forfeiture. The propriety of the owner's motion was not an issue in the case, though, and the case's holding does not support appel-

lee's argument. Too, the opinion states that no criminal prosecution was involved, 22 S.W.3d at 626, which distinguishes it from this case in which criminal prosecutions are underway.

Application of the rule set forth in *Morales* requires the conclusion that the trial court has no jurisdiction over appellee's suit seeking possession of the eight-liner machines held during the pendency of criminal proceedings in another district court pursuant to a search warrant issued by that court. Appellee's characterization of its suit as one brought under article 18.18(b) cannot avoid that conclusion.

We sustain Potter County's second issue and the City's first.

### SOVEREIGN IMMUNITY

We next address the City's assertion that the trial court lacks subject matter jurisdiction of appellee's suit against the City because appellee did not plead a waiver of sovereign immunity. Appellee responds that sovereign immunity has no application to its suit because it is not seeking money damages, citing *General Services Comm'n v. Little–Tex. Insulation Co., Inc.,* 39 S.W.3d 591 (Tex.2001).

We agree with the City that its immunity from suit bars appellee's suit against it as currently pled. A proceeding to control the actions of state officials acting within their authority, even though not seeking damages, is one against the State within the rule of immunity of the State from suit. *Griffin v. Hawn,* 161 Tex. 422, 424, 341 S.W.2d 151, 152 (1960); *W.D. Haden Co. v. Dodgen,* 158 Tex. 74, 78, 308 S.W.2d 838, 840 (1958). Although appellee's pleadings refer at some points to the seizure of its machines as illegal, appellee's witness at the hearing on pleas to the jurisdiction conceded that the machines were lawfully seized pursuant to the

search warrant. Even construing the pleading liberally in appellee's favor, it cannot, therefore, be viewed as one based on violations of state law, in the nature of a suit coming within the rule set forth in *Cobb v. Harrington,* 144 Tex. 360, 190 S.W.2d 709 (1945), as discussed in *Federal Sign v. Texas S. Univ.,* 951 S.W.2d 401, 404 (Tex.1997). Appellee's suit seeks more than determination of its rights; as pled, it seeks possession of the eight-liner machines from those holding them under a search warrant. It seeks to control the actions of officials acting within their authority and cannot therefore be maintained without legislative consent. The City's issue four is sustained.

## DISPOSITION OF APPEAL

Our disposition of the issues discussed makes it unnecessary that we consider the City's second and third issues. There remains the question of the proper disposition to be made of this case. A plaintiff whose pleadings fail to establish jurisdiction is to be afforded the opportunity to amend its pleadings unless its petition affirmatively demonstrates incurable defects in jurisdiction, that is, unless it is impossible for the plaintiff to amend its pleadings to invoke jurisdiction. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002); *Ramirez,* 74 S.W.3d at 867. We do not consider appellee's petition to demonstrate such incurable defects. Accordingly, we reverse the trial court's denial of Potter County's and the City's pleas to its jurisdiction, and remand the case for further proceedings in accordance with this opinion. Tex.R.App. Proc. 43.2(d).