COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-258-CV
  
  
BRIAR 
VOLUNTARY FIRE                                                        APPELLANT
DEPARTMENT
   
V.
   
DEE 
ANDERSON IN HIS                                                             APPELLEE
CAPACITY 
AS SHERIFF OF
TARRANT 
COUNTY, TEXAS
 
  
------------
 
FROM 
THE 348TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Briar Voluntary Fire Department sued Appellee Dee Anderson in his capacity as 
Sheriff of Tarrant County, Texas, seeking a declaratory judgment, a temporary 
injunction, and a permanent injunction regarding the seizure of eight-liner 
machines from Appellant’s social club, Big 7’s Game Room.  Appellee 
filed a plea to the jurisdiction, which the trial court granted.  Appellant 
now appeals only the dismissal of its declaratory judgment cause of 
action.  Because we hold that the trial court did not have subject matter 
jurisdiction, we affirm the trial court’s judgment.
Brief Facts
        Appellant 
created a fund raising club, Big 7’s Game Room, where those with membership 
privileges can socialize.  At Big 7’s Game Room, Appellant had 
computer-run game machines, known as eight-liners.  On or about May 21, 
2004, Appellee, his deputies, or both, executed a warrant on Big 7’s Game 
Room.  Certain property, including the eight-liners, was seized.  The 
affidavit supporting the warrant alleged that three of Appellee’s deputies 
observed illegal gambling on eight-liners in Big 7’s Game Room in violation of 
various sections of Chapter 47 of the Texas Penal Code.
        Following 
the seizure of the property, Appellant filed suit seeking declaratory and 
injunctive relief against Appellee.  Among other things, Appellant 
requested (1) a judgment declaring that (a) Big 7’s Game Room is a private 
club falling within the definition of “private place” as defined in section 
47.01(8) of the Texas Penal Code and (b) Appellant’s activities did not 
violate the Texas gambling statutes and (2) injunctive relief to enjoin Appellee 
from further disruptive actions with Big 7’s Game Room by harassing and 
threatening to arrest and confiscate Appellant’s eight-liners.  Appellant 
did not allege that any of the penal statutes at issue were unconstitutional, 
nor did it allege any irreparable injury to vested property rights.
        Appellee 
then filed a plea to the jurisdiction, alleging that under the rule set forth in 
Morales,[2] the trial court did not have 
jurisdiction.  Following a hearing on Appellee’s plea to the 
jurisdiction, the trial court granted the plea in its entirety.
        In 
two issues, Appellant now appeals only the dismissal of its request for 
declaratory judgment arguing that the trial court erred in sustaining the plea 
to the jurisdiction and dismissing Appellant’s declaratory judgment action 
because (1) a justiciable controversy exists and therefore Morales does 
not apply, and (2) the trial court determined the merits of the case in order to 
make a ruling.
Standard of 
Review
        A 
plea to the jurisdiction contests the trial court’s authority to determine the 
subject matter of the cause of action.[3]  
Because the question of subject matter jurisdiction is a question of law, we 
review a trial court’s ruling on a plea to the jurisdiction de novo.[4]
Evidence 
Considered In a Plea To The Jurisdiction
        In 
Appellant’s second issue, it argues that the trial court erred by determining 
the merits of the case when it ruled on Appellee’s plea to the 
jurisdiction.  We disagree.
        A 
court deciding a plea to the jurisdiction is not required to look solely to the 
pleadings but may consider evidence and must do so when necessary to resolve the 
jurisdictional issues raised.[5]  The court 
should, of course, confine itself to the evidence relevant to the jurisdictional 
issues and not determine whether the defendant may be liable as alleged.[6]
        In 
this case, the trial court considered evidence necessary to resolve the 
jurisdictional issues; it did not determine the merits of the case.  
Neither the trial court’s findings of fact nor its conclusions of law address 
or determine any of Appellant’s claims, including whether Big 7’s Game Room 
was a “private place” or whether Appellant violated the gambling 
statutes.  Consequently, the trial court did not err in considering the 
jurisdictional evidence.  We overrule Appellant’s second issue.
Applicability 
of Morales
        In 
Appellant’s first issue, it argues that because it did not challenge the 
constitutionality of the gambling statute, Morales does not apply, and 
the trial court erred by applying Morales to its alleged justiciable 
controversy.  We disagree.
        Because 
Texas has a bifurcated system of civil and criminal jurisdiction, the meaning 
and validity of a penal statute ordinarily should be determined by courts 
exercising criminal jurisdiction to avoid conflicting decisions between civil 
and criminal courts of last resort regarding the statute’s meaning and 
validity.[7]  Thus, as set forth in Morales, 
civil courts may only exercise equity jurisdiction to construe a penal statute 
and enjoin its enforcement if the plaintiff has both (1) attacked the 
constitutionality of the statute and (2) shown that its enforcement would 
irreparably injure vested property rights.[8]  If 
the plaintiff does not satisfy both prongs, then the civil court has no 
jurisdiction to construe the statute and enjoin the proceeding.[9]
        In 
this case, Appellant argues that Appellee cannot enforce the penal law 
prohibiting gambling against it because it has a defense to prosecution—that 
is, its eight-liner machines were used in a “private place.”  Thus, 
Appellant filed suit to have its Big 7’s Game Room declared a private place 
and to get an injunction prohibiting Appellee from pursuing a criminal 
prosecution.  As in Warren v. Aldridge,[10] 
Appellant here did not challenge the constitutionality of any section in Chapter 
47 of the Texas Penal Code; rather, it sought an interpretation of the statute 
and a declaration that Big 7’s Game Room is a private place and that its use 
of the eight-liner machines thus does not constitute criminal activity.  
Consequently, in accord with the Warren court, we hold that because 
Appellant did not attack the constitutionality of the statute, which is required 
to give the civil court jurisdiction under Morales, there is no reason 
for a civil court to intervene.[11]  Thus, the 
trial court did not err by holding that it had no jurisdiction to render a 
declaratory judgment.  We overrule Appellant’s first issue.
Conclusion
        Having 
overruled Appellant’s two issues, we affirm the trial court’s judgment.
   
   
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
  
   
PANEL 
A:   CAYCE, C.J.; DAUPHINOT and WALKER, JJ.
 
DELIVERED: 
June 23, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
State v. Morales, 869 S.W.2d 941, 942, 947–48 (Tex. 1994).
3.  
Bland ISD v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).
4.  
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), cert. 
denied, 526 U.S. 1144 (1999); Levatte v. City of Wichita Falls, 144 
S.W.3d 218, 222 (Tex. App.—Fort Worth 2004, no pet.).
5.  
Bland ISD, 34 S.W.3d at 555.
6.  
Id.
7.  
See Morales, 869 S.W.2d at 942, 947–48; Potter County Attorney’s 
Office v. Stars & Stripes Sweepstakes, L.L.C., 121 S.W.3d 460, 
468 (Tex. App.—Amarillo 2003, no pet.); City of Longview v. Head, 33 
S.W.3d 47, 53 (Tex. App.—Tyler 2000, no pet.).
8.  
Morales, 869 S.W.2d at 945; Potter County Attorney’s Office, 121 
S.W.3d at 468; Warren v. Aldridge, 992 S.W.2d 689, 691 (Tex. 
App.—Houston [14th Dist.] 1999, no pet.).
9.  
Warren, 992 S.W.2d at 691.
10.  
Id.
11.  
See id.; Head, 33 S.W.3d at 53.