Briar Voluntary Fire Department v. Dee Anderson in his Capacity as Sheriff of Tarrant County, Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-258-CV

BRIAR VOLUNTARY FIRE APPELLANT

DEPARTMENT 

V.

DEE ANDERSON IN HIS APPELLEE

CAPACITY AS SHERIFF OF

TARRANT COUNTY, TEXAS 

------------

FROM THE 348
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Briar Voluntary Fire Department sued Appellee Dee Anderson in his capacity as Sheriff of Tarrant County, Texas, seeking a declaratory judgment, a temporary injunction, and a permanent injunction regarding the seizure of eight-liner machines from Appellant’s social club, Big 7’s Game Room.  Appellee filed a plea to the jurisdiction, which the trial court granted.  Appellant now appeals only the dismissal of its declaratory judgment cause of action.  Because we hold that the trial court did not have subject matter jurisdiction, we affirm the trial court’s judgment.

Brief Facts

Appellant created a fund raising club, Big 7’s Game Room, where those with membership privileges can socialize.  At Big 7’s Game Room, Appellant had computer-run game machines, known as eight-liners.  On or about May 21, 2004, Appellee, his deputies, or both, executed a warrant on Big 7’s Game Room.  Certain property, including the eight-liners, was seized.  The affidavit supporting the warrant alleged that three of Appellee’s deputies observed illegal gambling on eight-liners in Big 7’s Game Room in violation of various sections of Chapter 47 of the Texas Penal Code.

Following the seizure of the property, Appellant filed suit seeking declaratory and injunctive relief against Appellee.  Among other things, Appellant requested (1) a judgment declaring that (a) Big 7’s Game Room is a private club falling within the definition of “private place” as defined in section 47.01(8) of the Texas Penal Code and (b) Appellant’s activities did not violate the Texas gambling statutes and (2) injunctive relief to enjoin Appellee from further disruptive actions with Big 7’s Game Room by harassing and threatening to arrest and confiscate Appellant’s eight-liners.  Appellant did not allege that any of the penal statutes at issue were unconstitutional, nor did it allege any irreparable injury to vested property rights.

Appellee then filed a plea to the jurisdiction, alleging that under the rule set forth in 
Morales
,
(footnote: 2) the trial court did not have jurisdiction.  Following a hearing on Appellee’s plea to the jurisdiction, the trial court granted the plea in its entirety.

In two issues, Appellant now appeals only the dismissal of its request for declaratory judgment arguing that the trial court erred in sustaining the plea to the jurisdiction and dismissing Appellant’s declaratory judgment action because (1) a justiciable controversy exists and therefore 
Morales
 does not apply, and (2) the trial court determined the merits of the case in order to make a ruling. 

Standard of Review

A plea to the jurisdiction contests the trial court’s authority to determine the subject matter of the cause of action.
(footnote: 3)  
Because the question of subject matter jurisdiction is a question of law, we review a trial court’s ruling on a plea to the jurisdiction de novo.
(footnote: 4)
Evidence Considered In a Plea To The Jurisdiction

In Appellant’s second issue, it argues that the trial court erred by determining the merits of the case when it ruled on Appellee’s plea to the jurisdiction.  We disagree.

A court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised.
(footnote: 5)  The court should, of course, confine itself to the evidence relevant to the jurisdictional issues and not determine whether the defendant may be liable as alleged.
(footnote: 6)
 In this case, the trial court considered evidence necessary to resolve the jurisdictional issues; it did not determine the merits of the case.  Neither the trial court’s findings of fact nor its conclusions of law address or determine any of Appellant’s claims, including whether Big 7’s Game Room was a “private place” or whether Appellant violated the gambling statutes.  Consequently, the trial court did not err in considering the jurisdictional evidence.  We overrule Appellant’s second issue.

Applicability of 
Morales

In Appellant’s first issue, it argues that because it did not challenge the constitutionality of the gambling statute, 
Morales
 does not apply, and the trial court erred by applying 
Morales
 to its alleged justiciable controversy.  We disagree.

Because Texas has a bifurcated system of civil and criminal jurisdiction, the meaning and validity of a penal statute ordinarily should be determined by courts exercising criminal jurisdiction to avoid conflicting decisions between civil and criminal courts of last resort regarding the statute’s meaning and validity.
(footnote: 7)  Thus, as set forth in 
Morales,
 civil courts may only exercise equity jurisdiction to construe a penal statute and enjoin its enforcement if the plaintiff has both (1) attacked the constitutionality of the statute and (2) shown that its enforcement would irreparably injure vested property rights.
(footnote: 8)  If the plaintiff does not satisfy both prongs, then the civil court has no jurisdiction to construe the statute and enjoin the proceeding.
(footnote: 9)
 In this case, Appellant argues that Appellee cannot enforce the penal law prohibiting gambling against it because it has a defense to prosecution—that is, its eight-liner machines were used in a “private place.”  Thus, Appellant filed suit to have its Big 7’s Game Room declared a private place and to get an injunction prohibiting Appellee from pursuing a criminal prosecution.  As in 
Warren v. Aldridge
,
(footnote: 10) Appellant here did not challenge the constitutionality of any section in Chapter 47 of the Texas Penal Code; rather, it sought an interpretation of the statute and a declaration that Big 7’s Game Room is a private place and that its use of the eight-liner machines thus does not constitute criminal activity.  Consequently, in accord with the 
Warren
 court, we hold that because Appellant did not attack the constitutionality of the statute, which is required to give the civil court jurisdiction under 
Morales
, there is no reason for a civil court to intervene.
(footnote: 11)  Thus, the trial court did not err by holding that it had no jurisdiction to render a declaratory judgment.  We overrule Appellant’s first issue.

Conclusion

Having overruled Appellant’s two issues, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DELIVERED:  June 23, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
State v. Morales
, 869 S.W.2d 941, 942, 947–48 (Tex. 1994).

3:
Bland ISD v. Blue
, 34 S.W.3d 547, 554 (Tex. 2000).

4:
Mayhew v. Town of Sunnyvale
, 964 S.W.2d 922, 928 (Tex. 1998), 
cert. denied
, 526 U.S. 1144 (1999); 
Levatte v. City of Wichita Falls
, 144 S.W.3d 218, 222 (Tex. App.—Fort Worth 2004, no pet.).

5:
Bland ISD
, 34 S.W.3d at 555.

6:
Id
.

7:
See Morales
, 869 S.W.2d at 942, 947–48; 
Potter County Attorney’s Office v. Stars & Stripes Sweepstakes
,
 L.L.C.
, 121 S.W.3d 460, 468 (Tex. App.—Amarillo 2003, no pet.); 
City of Longview v. Head
, 33 S.W.3d 47, 53 (Tex. App.—Tyler 2000, no pet.).

8:
Morales
, 869 S.W.2d at 945
; Potter County Attorney’s Office
, 121 S.W.3d at 468; 
Warren v. Aldridge
, 992 S.W.2d 689, 691 (Tex. App.—Houston [14th Dist.] 1999, no pet.)
.

9:
Warren
, 992 S.W.2d at 691.

10:
Id
.

11:
See id.
; 
Head
, 33 S.W.3d at 53.